**Bert Lee CLARK, a minor, Plaintiff-Appellant,**

v.

**Jerry MIZE, Defendant-Respondent.**

**No. KCD 27378.**

Missouri Court of Appeals, Kansas City District.

July 7, 1975.

Bagby, Benjamin & Arnold by B. W. Jacob, Kansas City, for plaintiff-appellant.

Charles R. Svoboda, Fred A. Murdock, Kansas City, for defendant-respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

DIXON, Judge.

Plaintiff appeals from a defendant's verdict in a jury case. The negligence action giving rise to the appeal was predicated upon a collision between a pickup truck and a mini bike operated by the 12-year-old plaintiff. The case was submitted to the jury on a theory of negligence in failing to keep a lookout. Defendant submitted on contributory negligence.

In view of the issue posed by the appeal, only a summary of the facts is required. Defendant Mize's paper truck was traveling north on a city street in Kansas City which culminated in a cul-de-sac. Defendant observed two mini bikes also headed north. He overtook these vehicles and as he entered the turnaround at the end of the block, he observed in his rear view mirror the two mini bikes cross the street and enter a drive on the west side of the street. After negotiating the turnaround and proceeding south, defendant next saw plaintiff on his mini bike about twenty feet away in the driveway headed northeast. Defendant, traveling about 15 miles per hour, applied his brakes, but the mini bike struck the right front corner of the truck. Plaintiff's right leg and a finger received injury.

As a further postulate to the review required, it should be noted that while the plaintiff's mother was testifying she was questioned about knowledge of her 12-year-old son riding the mini bike. She responded that he was only allowed to ride it in the yard. Following up, counsel asked if she knew he had taken it up to a neighbor's on various occasions. She denied such knowledge. She was then asked if she had forbidden his taking the mini bike to the neighbor's. She said she had and when asked how many times responded, "I never had to forbid him over once. He knew that he shouldn't take the bike out of the yard, and I didn't know he had it out of the yard on this day." This evidence came in without any objection.

Plaintiff's single point is that the trial court "abused its discretion" in permitting defendant to inject in closing argument the "false issue" of the mother's opinion of the boy's behavior.

The plaintiff's allegation in the motion for a new trial alleges error in permitting in argument over plaintiff's objection reference to the fact "that plaintiff had been told not to ride in the area where he was injured."

The specific argument and the objection made is as follows:

"Now let's go and take a look at the evidence with respect to where these children were. Now here was this 12 year old boy who knew that he wasn't supposed to be out on a mini bike. His parents had told him.

MR. ARNOLD: That's objected to as outside the issues.

THE COURT: Overruled. Proceed." Defendant's counsel then continued as follows:

"His parents had told him that he wasn't supposed to be out there, and his mother knew it was a violation for him to even be on the street with it. . . . And let's stop and ask; that what do you get a mini bike for children for, if you

don't expect them to ride it: And you know—

MR. ARNOLD: This is objected to as outside the issues.

THE COURT: Sustained. I think we are getting pretty far afield."

Thus, it appears that the only argument to which an objection was not sustained was argument relating to the mother's *direction* to the child and not as to her *opinion* as to his behavior to which an objection was sustained. An objection was also *sustained* when defendant argued against "punishing" defendant and rewarding plaintiff for his disobedience of his mother's instructions.

Plaintiff supports his claim of error by arguing that the argument taken as a whole was prejudicial and that the action of the trial court in merely sustaining the objections did not remove the prejudicial effect. Clearly, plaintiff did not seek any other relief at the time, and it is also doubtful that the contention is properly made in view of the simple allegation of the motion for new trial. Rule 84.13(a), V.A.M.R.

■ Nevertheless, the posture of the entire argument is such that the plaintiff's point is not well taken. As noted, there was a submission of contributory negligence in failing to keep a lookout. Negligence was defined as failure to use the highest degree of care. Under the issue of contributory negligence, plaintiff argued that the jury was "passing judgment on a 12-year-old boy . . . not upon an adult . . . what is negligence for an adult is not necessarily negligence for a 12-year-old boy." Defendant objected to this and the objection was overruled. The propriety of that ruling is not here in issue, but the fact remains that the plaintiff squarely inserted in the argument the issue of the age and capability of the plaintiff. In these circumstances, the defendant certainly had a right to argue the specific direction the boy had received from his mother as it bore on his ability to comprehend the danger. The argument clearly was a rejoinder to the plaintiff's argument relating to the age and capability of the plaintiff.

■ The plaintiff's cited case of *Butcher v. O'Connor*, 401 S.W.2d 490, 494 (Mo. 1966), does indeed hold as plaintiff asserts that an argument must be read in its entirety to determine its prejudicial effect. That does not mean that one of the parties' arguments will be considered in a vacuum and the other arguments ignored. To make such an application of *Butcher* would do away with the principle of fair retort. When counsel has injected an issue in his part of the argument, he cannot then complain of the answering argument on that issue as raising or arguing improper issues. *Penberthy v. Penberthy*, 505 S.W.2d 122, 131 (Mo.App.1973); *Riley v. St. Louis Public Service Co.*, 245 S.W.2d 666, 673 (Mo.App. 1952).

Plaintiff's other cited cases deal with situations where an objection was overruled as to patently erroneous injection of false issues not responsive to other argument in the case and have no application to these facts.

The judgment is affirmed.

All concur.