Nolan D. LEEHY, Plaintiff-Respondent,

v.

**SUPREME EXPRESS & TRANSFER COMPANY, Defendant-Appellant.**

No. 63498.

Supreme Court of Missouri, En Banc.

Feb. 23, 1983.

Rehearing Denied March 29, 1983.

Kenneth F. Teasdale, Justin C. Cordonnier, Thomas B. Weaver, St. Louis, for defendant-appellant.

Charles A. Mogab, Thomas J. Gregory, St. Louis, for plaintiff-respondent.

PER CURIAM.

This case was transferred to this Court under Rule 83.06 after opinion by the Missouri Court of Appeals, Eastern District. The single issue upon which transfer was granted is whether it was proper for plaintiff to comment during closing argument on defendant's failure to call as a witness one of defendant's employees. That issue is addressed in Part IV of this opinion, which borrows liberally from the opinion of Judge Gunn for the court of appeals. The remainder of Judge Gunn's opinion, which sets forth the facts of the case and addresses appellant's remaining contentions, is incorporated into and made a part of this opinion in Parts I, II, and III without use of quotation marks.

## I

Plaintiff-respondent brought an action under theory of res ipsa loquitur against defendant-appellant Supreme Express & Transfer Company (Supreme) for personal injuries incurred when the forklift truck he was operating fell as Supreme's trailer rolled away from the loading dock. Supreme appeals the jury verdict in favor of plaintiff for $13,000, raising the following points: (1) that plaintiff was contributorily negligent as a matter of law; (2) that plaintiff's res ipsa loquitur instruction failed to embrace all the elements under the theory of the case; (3) that plaintiff, over objection, made erroneous prejudicial comment on defendant's failure to call a witness equally available to both parties. On this latter contention we find merit and are compelled to reverse and remand for a new trial.

Plaintiff was employed as a forklift operator by the Purex Corporation in St. Louis. Somewhere between midnight and 8:00 a.m. prior to the occurrence resulting in plaintiff's injury, defendant's driver had spotted a trailer at the Purex loading dock. The driver testified that to prevent the trailer's movement, he set the air brakes for the trailer wheels, lowered its landing gear and blocked one of the dual wheels with a 4 × 4 wooden block. He then disengaged the tractor from the trailer. At approximately 9:30 in the morning, as plaintiff was driving his forklift onto the trailer with a load, the trailer slipped away from the loading dock. The forklift with plaintiff aboard dropped to the ground, landing on its wheels. Plaintiff sustained injury to his back as a result of the accident. The post-accident investigation disclosed that there was no wheel chock placed to prevent the trailer from rolling.

## II

A Purex work safety rule in effect at the time of the accident provided that forklift operators were to look to determine if trailer wheels were chocked. Plaintiff testified that he did glance at the trailer to see if chocks were in place but that his vision was blocked and he could not see the wheels. He contends that he had been directed to fill a rush order which he considered had prevented him from taking time to step off his forklift and walk to a point where he could see whether chocks were in place. Defendant argues that violation of the work rule rendered plaintiff contributorily negligent as a matter of law; hence, the first point on appeal.

It is true, as defendant asserts, that contributory negligence can be a defense in a case brought under res ipsa loquitur fashion. *Wissman v. Wissman*, 575 S.W.2d 239, 242 (Mo.App.1978). But the issue of contributory negligence is ordinarily a jury question, becoming a matter of law only where reasonable minds cannot differ as to the plaintiff's negligence. *Mitchell v. Buchheit*, 559 S.W.2d 528, 530 (Mo. banc 1977); *Groppel Co. v. United States Gypsum Co.*, 616 S.W.2d 49, 62 (Mo. App.1981); *Jenkins v. Jordan*, 593 S.W.2d 236, 239 (Mo.App.1979). And although everyone is required to make ordinary use of his facilities to observe and avoid danger, whether ordinary care has not been exercised to raise the issue of contributory negligence depends on the particular facts of each case. *Wissman v. Wissman*, 575 S.W.2d at 240–41; *Miller v. Sabinske*, 322 S.W.2d 941, 946 (Mo.App.1959). The particular facts of this case lend themselves to a jury issue as to whether plaintiff was contributorily negligent in his actions in attempting to determine whether the trailer's wheels had been blocked—an issue resolved against defendant.

## III

Defendant alleges that the plaintiff's verdict director [1] is erroneous for failing to

1. Plaintiff's verdict director provides:
   Your verdict must be for plaintiff if you believe:

   First, defendant's driver parked an empty trailer, No. 93, at a loading dock, and
   Second, plaintiff was driving his forklift truck into said trailer, when suddenly and

include the required finding that it exerted control over the parking and stabilization of the trailer.

■■■ An essential element to the application of res ipsa loquitur is that the defendant has management and control of the instrumentality involved at the time the negligence occurs. *St. Joseph Light & Power Co. v. Kaw Valley Tunneling, Inc.,* 589 S.W.2d 260, 276 (Mo. banc 1979); *Wagstaff v. City of Maplewood,* 615 S.W.2d 608, 612 (Mo.App.1981); *Davis v. Jackson,* 604 S.W.2d 610, 612 n. 2 (Mo.App.1980). MAI 31.02(3), after which plaintiff's verdict director was modeled, states:

> Your verdict must be for plaintiff if you believe:
>
> First, defendant (*here describe defendant's control, right to control, or management of the instrumentality involved*)
> . . . .

Inserted within the parenthetical phrase relating to control was the following: "Defendant's driver parked an empty trailer No. 93, at a loading dock . . . ." It was undisputed at trial that defendant's driver had the duty to park the trailer and immobilize it. It was also undisputed that the defendant's driver was the only person who attempted to secure the trailer from rolling. There was no evidence that either the brake lines, landing gear or chocks were tampered with by anyone after the trailer was parked or that defendant had previous problems with anyone tampering with its vehicles on Purex's lot.[2] Though the instruction could more properly refer expressly to the defendant's right of control, *see, e.g.,* the in-

structions in *Niman v. Plaza House, Inc.,* 471 S.W.2d 207, 212 (Mo. banc 1971), in light of the undisputed evidence, the instruction's failure to refer to the defendant's right of control was not prejudicial.[3]

## IV

The remaining question is whether it was proper for plaintiff to comment during closing argument on defendant's failure to call as a witness one of defendant's employees, truck driver Clyde Riggs. Defendant argues that the comment was improper because the witness was equally available to both parties. Plaintiff claims the argument was proper because it was made in retaliation to an earlier argument made by defendant.

Defendant's driver Norman Caldwell, who had parked the trailer at the Purex Corporation loading dock before his shift ended at 8 a.m. the morning of the accident, testified that he was "most positive" that he properly chocked the trailer wheels with a wooden block four inches square before he unhitched the tractor from the trailer. From this defendant, who conceded during summation that the trailer wheels were not chocked at the time of the accident, argued that the block might have been removed for use on another trailer. It is to this argument that plaintiff claims his argument retaliated.

The argument in question is as follows:

[PLAINTIFF'S ATTORNEY]: They want to tell you how fair they are. They want to tell you, "Mr. Leehy, go home.

---

unexpectedly said trailer rolled away from said dock causing plaintiff's forklift truck to fall to the ground, and

Third, from the facts in evidence and the reasonable inferences therefrom, you find such occurrence was the direct result of defendant's negligence, and

Fourth, as a direct result of such negligence, plaintiff sustained damage.

Unless you believe, plaintiff is not entitled to recover by reason of Instruction No. 5.

2. Defendant attempted to bring out in cross-examination that drivers of other dray companies would remove blocks from other trailers for their own use. Objection to such relevant testimony which could conceivably remove the

control issue and, hence, res ipsa loquitur was sustained. But no point is made of this factor on appeal.

3. The given instruction is similar to that in *City of Kennett v. Akers,* 564 S.W.2d 41, 44 (Mo. banc 1978), in which plaintiff's verdict director stated: "Your verdict must be for plaintiff if you believe: First, defendant allowed the antennae tower to fall into the electric power line . . . ." Plaintiff's instruction made no express reference to defendant's control. There was no direct attack upon the instruction for that reason, but it was noted that exclusive control was in the defendant. *Id.* at 46.

Never mind your back. Never mind your problem."

Where was the driver? He's out there. He's the guy that brought the tractor there. Try to throw the blame, is that being fair with you people?

Number two, the driver who was on duty out there between eight and four, Riggs. Was Mr. Riggs put on the stand? He's still working out there. You want to talk about being fair? Mr. Leehy changing his testimony? You know what he's trying to do in this case, don't you?

[DEFENDANT'S ATTORNEY]: Again, Your Honor, I want to [object to] that characterization. He took Mr. Riggs' deposition and the witness is equally available to him.

THE COURT: Your objection is overruled.

[PLAINTIFF'S ATTORNEY]: You know, let's get a few facts. I think this jury knows what's going on in this case. You know, when you start thinking about it, you know, you bring in this and you bring in that. He's got two opposite contradictions: Somebody must have stole the block. You know, that trailer could have rolled.

Plaintiff's argument was not proper as retaliation. The tenor of plaintiff's argument is that defendant deliberately attempted to deceive the jury by concealing material evidence and laying the blame elsewhere. The argument in no real sense responds to defendant's argument. Earlier in his argument plaintiff had made the jury aware that "[t]here's no evidence" that the block was borrowed or stolen. The further argument at issue here was unnecessary to make that point and cannot be said to constitute proper retaliation.

■■■ Defendant's contention that the argument was improper because Riggs was equally available as a witness to both parties is meritorious.

■■■ The failure of a party to call a witness having knowledge of facts and circumstances vital to the case generally raises a presumption that the testimony would be unfavorable to the party failing to proffer it. *Block v. Rackers,* 256 S.W.2d 760, 764 (Mo.1953). It is improper, however, for a party to argue the negative inference resulting from his opponent's failure to produce such a witness if the witness is equally available to both parties. *Hill v. Boles,* 583 S.W.2d 141, 145 (Mo. banc 1979). The trial court's failure to sustain an objection to such an improper argument constitutes prejudicial error. *Id.*

Whether a witness is to be considered equally available to the parties on both sides of a lawsuit depends upon several factors. Included among those factors are (1) "one party's superior means of knowledge of the existence and identity of the witness"; (2) "the nature of the testimony that the witness would be expected to give in the light of his previous statements or declarations, if any, about the facts of the case"; and (3) "the relationship borne by the witness to a particular party as the same would reasonably be expected to affect his personal interest in the outcome of the litigation and make it natural that he would be expected to testify in favor of the one party against the other." *Id.* at 145–46. While it would be needlessly broad to hold, as defendant urges, that Riggs was equally available to plaintiff simply because plaintiff took Riggs' deposition, application of the foregoing factors to the facts of this case makes it clear that Riggs was indeed equally available to plaintiff and defendant.[4]

---

4. The balancing test enunciated in *Boles* forecloses an extreme holding either that an employee is necessarily more available to his employer simply because of his status as an employee or that a witness associated with one party is necessarily equally available to the other if the other has deposed him. Some pre-*Boles* cases suggest that the existence of an employer-employee relationship automatically makes the employee more available to the employer. *See, e.g., Zipp v. Gasen's Drug Stores, Inc.,* 449 S.W.2d 612, 620 (Mo.1970); *Wehrkamp v. Watkins Motor Lines, Inc.,* 436 S.W.2d 698, 716 (Mo.1969); *Duboise v. Railway Express Agency, Inc.,* 409 S.W.2d 108, 113 (Mo. 1966). *See also Goodman v. Firmin Desloge Hosp.,* 540 S.W.2d 907, 913 (Mo.App.1976). Similarly, other pre-*Boles* cases suggest that

The first factor points toward equal availability. The fact that plaintiff deposed Riggs demonstrates fully that plaintiff knew both of the existence and the identity of this potential witness. Although Riggs was not assigned to the Purex Corporation loading dock on a regular basis, he worked there as a replacement the week the accident occurred and had worked there during the entire winter of 1975—all during the time period that plaintiff was employed at Purex as a forklift operator. Moreover, even if plaintiff did not know Riggs personally, defendant's business records indicate that Riggs was assigned to the Purex Corporation site at the time of the accident, and those records could have been obtained easily through normal discovery procedures. It cannot be said, therefore, that defendant had a "superior means of knowledge of the existence and identity" of Riggs.

The second and third factors are related. It might reasonably be expected that Riggs would testify in favor of defendant, his employer. Riggs' deposition transcript, however, demonstrates otherwise. Nothing in any of Riggs' answers to plaintiff's questions indicates that Riggs was in any way evasive or uncooperative. The fact is that Riggs could not testify persuasively for either side because he knew very little about the incident. He was on duty at the time of the accident, but he learned about the accident from a dock employee after he returned from making a delivery. Any testimony he might have given relating directly to the accident would have been hearsay. Neither could he have testified whether the trailer wheels were chocked when the trailer was parked at the loading dock, because he was not on duty at the time the trailer was parked. In short, Riggs' testimony would have been virtually meaningless.[5]

The record amply demonstrates that plaintiff's argument was improper because Riggs was equally available as a witness to plaintiff. The argument cannot be sustained on the ground that it constituted proper retaliation. It therefore should have been excluded. The trial court committed prejudicial error by overruling defendant's objection and allowing plaintiff to proceed with the argument. *Id.* at 145. The judgment of the trial court is reversed, and the case is remanded for a new trial.

WELLIVER, HIGGINS and DONNELLY, JJ., and SEILER, Senior Justice, concur.

RENDLEN, C.J., dissents in separate opinion filed.

when one party takes the deposition of a witness associated with the opposing party, the witness automatically becomes equally available to both parties. *See, e.g., Bean v. Riddle,* 423 S.W.2d 709, 721 (Mo.1968); *Midwest Library Serv., Inc. v. Structural Syss., Inc.,* 566 S.W.2d 249, 252 (Mo.App.1978). *Cf. Lix v. Gastian,* 287 S.W.2d 354, 357 (Mo.App.1956) (availability of transcript from first trial made witness who testified at first trial equally available at second trial). The philosophies underlying these two lines of cases clash in this case, in which the witness in question is an employee of one party and has been deposed by the other. This case thus highlights the impracticality of inflexible rules. It would be better to say that, as with the party-physician relationship, *see Boles,* 583 S.W.2d at 146, a presumption arises regarding the availability of the witness and that "in a proper case this presumption may be held inapplicable by reason of the circumstances shown in evidence," *id.* Compare *Lewis v. Bucyrus-Erie, Inc.,* 622 S.W.2d 920, 927 n. 6 (Mo. banc 1981). Application of the balancing test mandated by *Boles* would operate either to solidify or to dispel the presumption.

5. The dissent argues that Riggs did indeed testify to a number of material issues. The dissent, however, misconceives the nature of Riggs' testimony. The testimony about whether the trailer involved in this case would roll if the brakes did not work and the wheels were not chocked was in response to a *hypothetical* question posed by plaintiff. The claimed admission that "sometimes they [the brakes] do not work" because "the air could leak off" was in response to a question relating to Riggs' experience with trailers in general and was not in response to a question regarding the trailer involved here.

Oddly enough, the dissent's characterization of Riggs' testimony supports the conclusion that as a witness Riggs was equally available to plaintiff. If the tenor of the testimony were as the dissent characterizes it, the testimony doubtless would have favored plaintiff rather than defendant, and it would seem that plaintiff would have called Riggs as a witness.

MORGAN, Senior Justice, dissents and concurs in separate dissenting opinion of RENDLEN, C.J.

GUNN, BILLINGS and BLACKMAR, JJ., not participating because not members of the Court when cause was submitted.

RENDLEN, Chief Justice, dissenting.

I respectfully dissent. The jury awarded plaintiff damages for personal injuries sustained as the forklift he was operating fell when defendant's empty trailer rolled away from the loading dock where it had been placed by one of defendant's truck drivers. Plaintiff was employed as a forklift operator by the Purex Corporation in St. Louis. Trucks from various companies delivered trailers to the Purex Company for loading at its docks and in the early morning hours of November 9, 1977, prior to the time of plaintiff's injury at 9:30 a.m. defendant's driver, Norman Caldwell, (Caldwell didn't know the "correct time of it") had "spotted" a trailer at the Purex loading dock. Caldwell claimed that to prevent subsequent unintended movement of the trailer, he set the air brakes for the trailer wheels, lowered its landing gear, blocked one of the dual wheels with a 4 × 4 wood block and disengaged the tractor (truck). From then until he went off duty at about 8:00 a.m. Caldwell apparently paid little or no attention to the trailer. He testified he was the last one "to handle the trailer" but he couldn't remember which "door" of the loading dock he had "spotted" the trailer or the approximate hour. The best he remembered was that he spotted the trailer in the "early morning." His testimony revealed nothing concerning the trailer's condition, whether its wheels remained blocked or if the air in the brake system leaked permitting the brakes to loosen and the trailer to roll at the time of the accident. After he disengaged the tractor and pulled it away, he simply ignored the trailer until leaving work at 8:00 a.m. He was relieved at that time by another of defendant's employees, one Clyde Riggs, who became the person at the Purex premises responsible for defendant's control of trailer # 93 during the period 8:00 a.m. until the time when plaintiff was injured. Though defendant called Caldwell (whose sketchy memory left much to conjecture) it did not call Riggs to testify. This *failure* to call *Riggs* was the subject of comment by plaintiff in final argument, and it is on that comment the majority mistakenly reverses the judgment.

At approximately 9:30 that morning, as plaintiff was driving his loaded forklift onto trailer # 93, the trailer slipped away from the loading dock. The forklift with plaintiff aboard dropped to the ground and plaintiff sustained the injury to his back for which damages were awarded. In the investigation following the accident no chocks were found in place to block the trailer's wheels.

A Purex work safety rule in effect at the time of the accident provided that forklift operators were to look to determine if trailer wheels were chocked. Plaintiff testified that he did glance at the trailer to see if chocks were in place but his line of sight was partially blocked and he could not see the wheels and that he had been directed to fill a rush order which prevented him from taking time to step from the forklift and walk to a point where he could see whether chocks were in place.

I agree with the majority that violation of the work rule in this case did not render plaintiff contributorily negligent as a matter of law and that failure of plaintiff's verdict directing instruction to require a finding that defendant had the right of control over parking and stabilization of the trailer did not constitute prejudicial error.

However, I disagree with the majority's determination that the trial court's failure to sustain defendant's objection to the comment in final argument by plaintiff's counsel concerning defendant's failure to call its employee-driver Riggs requires reversal. Prior to the comment of plaintiff's counsel defendant's counsel had discussed in his portion of closing argument this version of certain evidence.

[Defense Counsel]: Now, if you analyze it and go through all these things, the brakes were working and they were set

when we left. The trailer was blocked and everything was in order. So, the only thing that leaves in terms of what might have happened is for the air to leak off the brakes and somebody to borrow one of those blocks for another trailer. I don't think there is any dispute about the fact that the trailer was not blocked at the time this accident occurred, Mr. Leehy said that to the company.

The above portion of *defense counsel's* closing argument prompted plaintiff's retaliatory rebuttal comment which, in pertinent part, is as follows:

[Plaintiff's Counsel]: They want to tell you how fair they are. They want to tell you, 'Mr. Leehy, go home. Never mind your back. Never mind your problem.'

Where was the driver? He's out there. He's the guy that brought the tractor there. Try to throw the blame, is that being fair with you people?

Number two, the driver who was on duty out there between eight and four, Riggs. Was Mr. Riggs put on the stand? He's still working out there. You want to talk about being fair? Mr. Leehy changing his testimony? You know what he's trying to do in this case, don't you?

[Defendant's Counsel]: Again, your Honor, I want to [object to] that characterization. He took Mr. Riggs' deposition and the witness is equally available to him.

THE COURT: Your objection is overruled.

[Plaintiff's Counsel]: You know, let's get a few facts. I think this jury knows what's going on in this case. You know, when you start thinking about it, you know, you bring in this and you bring in that. He's got two opposite contradictions: Somebody must have stole the block. You know, that trailer could have rolled.

Defendant contends that permitting plaintiff's counsel to comment on defendant's failure to call its employee Riggs as a witness constituted reversible error because Riggs was *equally available* to both parties.

Plaintiff counters that because Riggs was *defendant's employee* he was *not* "equally available," hence the comment was not improper. Further, when viewed in light of the prior evidence and argument, the comment, even if Riggs were "equally available," constituted permissible retaliation. I submit that plaintiff's position is correct and no reversible error resulted from plaintiff's brief comment in closing argument.

Although it is improper for a party to argue the negative inference resulting from his opponent's failure to produce a witness if the witness is "equally available" to both parties, *Hill v. Boles,* 583 S.W.2d 141, 145 (Mo. banc 1979), a *defendant's employee* is *not* an "equally available" witness for the plaintiff in a tort action, *Duboise v. Railway Express Agency, Inc.,* 409 S.W.2d 108, 113 (Mo.1966). In *Duboise,* the Court elaborated:

... [I]t has become a general rule, the more than twenty Missouri cases are noted in 68 A.L.R.2d l.c. 1075, that 'it is permissible for counsel in a civil case, in his argument to the jury, to comment on the failure or omission of the adverse party to produce or examine as a witness on his behalf *an employee of such party* who is apparently qualified to testify in regard to the matter or question in issue.' (Emphasis added.)

Discussing the factors enumerated in *Hill v. Boles,* 583 S.W.2d 141, 145–46 (Mo. banc 1979), the majority nevertheless concludes that, despite the general rule clearly enunciated in *Duboise* defendant's driver Riggs was equally available to the plaintiff in this case. While in some cases such as *Hill v. Boles,* there may be circumstances in which an employee is not more available to his employer than the other party, I respectfully submit that here, the majority misapplies the reasoning of *Hill. Hill* was a medical malpractice action in which a doctor and hospital were charged with negligently administering oxygen to an infant, causing almost total blindness. Summary judgment was entered in favor of defendant hospital and the jury returned a verdict in favor of defendant doctor. Appealing the judgment for defendant doctor, plaintiff argued successfully that it was reversible error for the

trial court to permit *defendant's* closing *argument* that *plaintiff's failure* to call the doctor who performed surgery on his (plaintiff's) eyes should give rise to a negative inference. After setting forth the pertinent factors the Court noted, "[i]n Missouri the cases have generally held that a party's treating physician in a personal injury action is presumptively more available to that party [who employed the doctor]. We believe, however, that in a proper case this presumption may be held inapplicable by reason of the *circumstances shown in evidence.*" Id. at 146. (Emphasis added.) The circumstances in *Hill* which demonstrated that the non-called treating doctor was not "more available" to the plaintiff under the law, were as follows: (1) the absent doctor-witness thought he treated plaintiff was associated with the *defendant* doctor in the same hospital group, (2) the absent *doctor* was on the staff of the *defendant* hospital, was not selected by plaintiff's parents independently, but was referred by a doctor referred by the *defendant* doctor and (3) the absent doctor was listed by the *defendant* (and not the plaintiff) as an expert witness *he* might call. The Court concluded that, unlike the typical personal injury action in which the interest of the treating physician lies particularly with the patient, the "totality of the circumstances portrayed in this record" demonstrated sufficient closeness of relationship between the defendant doctor and the potential witness-doctor "as would reasonably be expected to affect [the witness'] personal interest in the outcome of the litigation," and he was, therefore, equally available to the defendant.[1] *Id.* at 146–47. Hence, defendant should not have been permitted to comment on his absence. Unlike the record in *Hill v. Boles,* this record discloses *no relationship* between the plaintiff and defendant's employee Riggs remotely resembling that described in *Hill* that

would reasonably be expected to affect his personal interest in the outcome of the litigation on plaintiff's behalf. Riggs was defendant's employee and remained so throughout. He had no connection with plaintiff (there is nothing to indicate they even knew one another) which would cause Riggs to favor plaintiff. Accordingly the general rule that a defendant's employee is not equally available to the plaintiff in a tort action should apply. *Duboise v. Railway Express Agency, Inc.,* 409 S.W.2d 108, 113 (Mo.1966).

However the fact that defendant's employee Riggs was more available to defendant than to plaintiff, *does not* absolutely entitle plaintiff to an inference that Riggs' testimony, if he had been called as a witness, would have been *unfavorable* to the defendant. The governing principles are well stated in *Adam Hat Stores, Inc. v. Kansas City,* 307 S.W.2d 36 (Mo.App.1957):

> It is a well established general rule that the testimony of an employee of one of the parties who may be expected to have relevant testimony on the issue of the case is not equally available to the opposing party, and that it is proper for counsel to comment on the failure of the employer-party to produce that employee, and to suggest an inference that his testimony would have been unfavorable to such employer.... However, defendant is not required to produce every possible witness, and an unfavorable inference may not be drawn where it appears that the evidence not produced would have been relatively unimportant in the case, either as inferior to that realized, or else as merely corroborative of, or cumulative to such evidence.

*Id.* at 41. In accord, *State v. Denmon,* 473 S.W.2d 741, 745–46 (Mo.1971); *Gridley v. Johnson,* 476 S.W.2d 475, 479 (Mo.1972); *Goodman v. Firmin Desloge Hospital,* 540

---

1. The *Hill* court also noted that the situation there was analogous to cases holding an employee witness is more available to an employer because even though the absent doctor was not an employee of defendant doctor, they did collaborate in rendering medical services to plaintiff and the absent doctor was closely tied to the defendant hospital. "Unfavorable testimony relative to defendant's treatment of plaintiff or to another physician associated with the hospital would have the same adverse consequences that might befall an employee who testified contrary to the interests of his employer." 583 S.W.2d at 146–47.

S.W.2d 907, 913–14 (Mo.App.1976). Thus the issue here is *not* whether defendant's employee Riggs was "*equally available*" to the plaintiff as the majority seems to opine, (for indeed under the case law Riggs was *not* "equally available") but whether there was evidence in the record to support the trial court's implicit finding that Riggs had knowledge important in the case. Clearly the evidence supports such a finding.

Testimony as to the type of wheel chocks available near trailer # 93 and whether the wheels were blocked, was conflicting. Defendant's driver Caldwell who "spotted" the trailer at bay 25 testified that prior to 8:00 a.m. he blocked one side of the dual back trailer wheels with a 4 × 4 wooden block. He also testified there were no rubber blocks attached to the dock near bay 25 at that time. Two warehouse supervisors testified that after plaintiff's accident they did not observe any chocks in the wheel path of the trailer nor in the vicinity of the trailer; however, contrary to Caldwell's testimony they stated there were two rubber non-skid OSHA approved wheel chocks attached to the building at that place but they were not under the trailer. In final argument, defense counsel conceded the wheels were not chocked at the time of the accident but asked the jury to infer that someone "borrowed" the block, placed there by Caldwell, for another trailer.

Approximately an hour and a half before the accident, defendant's driver Riggs entered the picture. It was he who relieved Caldwell and it was he, whose absence from trial was the subject of plaintiff's challenged comment because it was Riggs who was in charge of defendant's truck at the critical time in question. He was the person at the Purex premises responsible for defendant's control of trailer # 93 and was apparently the only employee of defendant on duty at Purex when the accident occurred. In deposition conducted by plaintiff prior to trial, Riggs admitted knowledge of certain critical facts. He stated that because of his familiarity with trailer # 93, he believed it "shouldn't roll" when a forklift was driven into it even if it "wasn't blocked" because the "block is just for safe-

ty" but if it were not blocked and if the "brakes don't work" the trailer would "have a good chance to" roll when a forklift was driven into it. He also admitted that "sometimes they [the brakes] do not work" and added, "that's when you take them to the garage to get them fixed when they don't hold." This question was then asked:

Q. What problems have they had with the brakes?

A. Well, the air could leak off. That's just like you push down a car brake and you push down and the fluid is gone or something.

Thus counsel for both parties knew the absent witness (employee Riggs), had knowledge of matters important to the case. Clearly defendant had reason *not* to want Riggs present and the taking of the Riggs deposition with the facts developed there, provided a reasonable basis for plaintiff's final argument to the jury. They provided the basis for the negative inference resulting from defendant's failure to call Riggs. It was these facts which support the trial court's overruling defendant's objection to the argument.

Our review of a trial court ruling requires that such finding be sustained unless there is no substantial evidence to support it or it is against the weight of the evidence. *Delaney v. Gibson,* 639 S.W.2d 601 (Mo. banc 1982). On appeal, a trial court's action of the sort involved here, is presumed valid, *In re Estate of Erwin,* 611 S.W.2d 564, 568 (Mo.App.1981), and the burden is appellant's to demonstrate the incorrectness of the ruling. *Massman Construction Co. v. Kansas City,* 487 S.W.2d 470, 478 (Mo.1972). In my view, there *is* substantial evidence to support the trial court's determination that Clyde Riggs had knowledge of matters pertinent to the case, and appellants have failed to demonstrate the ruling was against the weight of the evidence. The contention on appeal averring error in trial court's ruling on the objection, should fail for this reason alone.

Further, I agree with plaintiff that the challenged comment was permissible for the

*further* reason that it was legitimate retaliation to defendant's earlier comment.

It should be noted plaintiff's remark was brief and contained no express reference as to what Riggs might or might not testify, only the innuendo. In this regard plaintiff's counsel's comment was fair retort, for it followed the pattern set by *defendant's* prior argument in which a comparable innuendo was injected to permit the conclusion that *plaintiff* had failed to come forward with proof to establish his case. To the extent the prior argument of defendant had persuasive value, it permitted plaintiff's retaliation in rebuttal.

In *Lewis v. Bucyrus-Erie, Inc.,* 622 S.W.2d 920 (Mo. banc 1981), this Court faced several questions concerning counsel's comments during closing argument. There plaintiff's personal injury action was against a crane manufacturer and the operator of the crane which had toppled causing plaintiff's injuries. Having settled their action with the crane operator plaintiffs proceeded against the manufacturer on the theory of strict liability in tort for product defect.

Addressing the issue of the propriety of the closing arguments, the Court at 925–26, iterated familiar principles:

> ... The trial court is possessed of broad discretion in the area of closing arguments, not lightly to be disturbed on appeal. *Norfolk & Western Railway Co. v. Greening,* 458 S.W.2d 268, 273 (Mo.1970); *S.G. Payne & Co. v. Nowak,* 465 S.W.2d 17, 20 (Mo.App.1971); *Lineberry v. Robinett,* 446 S.W.2d 481, 486 (Mo.App.1969); *Arroyo v. Keller,* 433 S.W.2d 584, 588 (Mo.App.1968). Further, counsel is accorded wide latitude in arguing facts and drawing inferences from the evidence, *id.,* and the law indulges a liberal attitude toward argument, particularly where the comment complained of is fair retort or responds to prior argument of opposing counsel. *Doyle v. St. Louis-San Francisco Ry. Co.,* 571 S.W.2d 717, 725 (Mo.App. 1978); *Lineberry v. Robinett, id.*

The Court then discussed *defense counsel's* argument concerning the *failure of the plaintiffs* to call certain witnesses.

The following was defendant's first reference to plaintiff's failure to call witnesses: "Did they bring in one person, one person, to say that these things [load indicator devices] were reliable? Not one person came into court. How about somebody from one of these companies, bringing one of them in? How about bringing one of them in and showing you folks—[at this point, plaintiffs' objection was overruled. . . .

*Id.* at 926.

Holding this argument permissible the Court stated:

> ... In ruling on the propriety of argument, the challenged comment must be interpreted in light of the entire record, rather than in isolation. *Phillips v. Vrooman,* 251 S.W.2d 626, 630 (Mo.1952). The comment did not exceed the bounds of proper argument that plaintiffs had failed in their burden of proving the crane defective without such a device. See, *Heshion Motors, Inc. v. Western International Hotels,* 600 S.W.2d 526, 533 (Mo.App.1980); *Colonial Construction Co. v. Sharp Industries, Inc.,* 421 S.W.2d 551, 554–55 (Mo.App.1967); *Johnson v. St. Louis Public Service Co.,* 256 S.W.2d 308, 312 (Mo.App.1953).

*Id.* at 926.

The Court also addressed another complaint concerning the closing argument:

> The next complaint concerns the following argument: " 'Was he [the oiler] there?' 'I don't know.' That was the man that was responsible for operating that crane. Did the oiler come in? Did they bring the oiler in to deny that he was not there and say, 'Folks, they're making light of me. I was standing there.' There's no question, that oiler wasn't there and that's why [at this point, plaintiffs' objection was overruled.]
> . . . .

*Id.* at 926.

In finding that no prejudicial error occurred in the trial rulings as to the objections to either of the arguments, the Court reasoned as follows:

Finally, both references to plaintiff's failure to call potential witnesses were in a sense retaliatory. Plaintiffs, in argument, stated that defendant had not presented its employees to deny any defect in the crane, though plaintiffs had available and in fact utilized depositions of various employees. Additionally, plaintiffs' counsel argued that had the union considered it improper for workers to ride the load, defendant certainly would have elicited this fact from a union official who testified. Hence, plaintiffs having injected allegations that defendant failed to refute their evidence, defendant was justified in its fair retort. *Graeff v. Baptist Temple of Springfield,* 576 S.W.2d 291, 306 (Mo. banc 1978); *St. Louis County v. Szombathy,* 497 S.W.2d 144, 146 (Mo.1973); *Doyle v. St. Louis-San Francisco Ry. Co.,* 571 S.W.2d 717, 725–26 (Mo.App.1978); *Clark v. Mize,* 525 S.W.2d 635, 637 (Mo.App.1975); *Hartford Accident & Indemnity Co. v. List,* 424 S.W.2d 761, 766 (Mo.App.1968).

*Id.* at 926–27.

The issue and factual context of *Lewis* is similar to the case at bar. There plaintiffs' counsel, in argument, had stated that defendant had not called certain employees as witnesses, though plaintiffs had depositions of various employees. Plaintiffs also commented that had the union considered it improper for workers to ride the load, defendant would have elicited this fact from a union official who testified. To meet these comments, defense counsel, as noted above, argued that there were certain witnesses that plaintiffs had not called to testify and this Court held defendant was justified in its retaliatory argument. *Id.* at 926–27.

Similarly, in the case at bar, defense counsel speculated regarding possible explanations as to why the truck rolled, such as air leaking from the brake lines and someone borrowing one of the blocks from another trailer. There was no direct evidence adduced at trial supporting either of these suppositions. In rebuttal, plaintiff's counsel argued that the witness who might shed light on such matters, i.e. whether air

leaked off the brakes or that someone borrowed the blocks, was defendant's employee on duty and in charge of defendant's trailer at the critical time involved, defendant's driver Riggs. Such retaliatory comments have often been deemed permissible in closing arguments. *See Graeff v. Baptist Temple of Springfield,* 576 S.W.2d 291, 305–307 (Mo. banc 1978); *Hopkins v. North American Co. for Life and Health Insurance,* 594 S.W.2d 310, 316–317 (Mo.App.1980).

In sum, it is clear that the doctrine "equal availability" is not applicable to bar the plaintiff's jury argument because defendant's employee, Riggs, was not "equally available" (under the law) to the plaintiff. Further, the facts developed in Riggs' deposition demonstrated he was competent to testify to matters which if brought before the jury, were pertinent to the issues and could have harmed defendant's case. Defendant could ill-afford to call Riggs and have him exposed to cross-examination during which admissions of the sort developed in the deposition would be presented to the jury. And yet, the majority somehow concludes Riggs' testimony would not have been potentially harmful to defendant. However, the deposition demonstrates otherwise and the deposition provided a firm basis for plaintiff's counsel in rebuttal argument to comment on defendant's failure to call Riggs as a witness.

Finally, plaintiff's argument was legitimate retaliation to the prior argument of defense counsel. Each of these propositions support the trial court's overruling defendant's objection to plaintiff's comment and defendant has failed in its burden of showing the trial court's ruling was not supported by substantial evidence.

For these reasons I submit the majority opinion runs contrary to settled law. It finds the trial court abused its broad discretion where no abuse occurred and mandates reversal from a brief somewhat ambiguous comment in argument, a comment justified under the facts.

I would affirm the judgment of the trial court.