Fannie SIMPSON, Appellant,

v.

**JOHNSON'S AMOCO FOOD SHOP, INC., Respondent.**

No. ED 76884.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 23, 2001.

Todd I. Muchnick, St. Louis, MO, for appellant.

Christopher P. Leritz, St. Louis, MO, for respondent.

CRAHAN, Judge.

Fannie Simpson ("Plaintiff") appeals the judgment entered upon a jury verdict in favor of Johnson's Amoco Food Shop, Inc. ("Defendant") in her action seeking to re-

cover for personal injuries suffered in a fall on Defendant's premises. We affirm.[1]

■ The only witnesses who testified in this case were Plaintiff, her doctor and Defendant's owner, Ronald Johnson ("Johnson"), all of whom were called by Plaintiff. A party is bound by the uncontradicted testimony of that party's own witnesses, including that elicited on cross-examination. *Eidson v. Reproductive Health Services*, 863 S.W.2d 621, 626 (Mo. App.1993). When a party calls a witness who comes within the adverse witness rule, the party is bound by that witness's testimony on direct examination if the testimony is uncontroverted or the only testimony on the subject; however, an adverse witness's testimony on cross-examination is not binding on the calling party. *Id.*

At approximately 6:30 p.m. on July 14, 1996, Plaintiff went to Defendant's food shop to buy a newspaper. She had patronized the store at least once a week for twenty years. It had been raining most of the day and a light drizzle was falling. Plaintiff parked her car and walked into the store. There were no other cars on the lot. Upon determining the store was out of newspapers, Plaintiff left the store to return to her car. Shortly after she stepped off the curb, her right foot slipped and Plaintiff fell, severely injuring her ankle. Although she had not noticed any puddles before her fall, immediately afterward she noticed she was sitting in a basketball-sized puddle of water that had an oily sheen on the top of it. Nothing obstructed Plaintiff's view of the area where she fell. Although Plaintiff testified that the area where she fell was deteriorated, she was unable to identify any area of deterioration on a photograph. The lot had been paved less than two years before the fall and was power-washed twice a month.

After she fell, Plaintiff eventually attracted the attention of one of the two clerks on duty, who had been in a stockroom when she was inside the store. At Plaintiff's request, the clerk called an ambulance and brought her some ice to put on her ankle until the ambulance arrived.

On direct examination, Johnson testified that he had a policy of spreading a substance called "oil dry" to soak up any oily substance in the event of a spill. None was put down on the date in question. He identified a checklist to be utilized by employees regarding maintenance procedures to be performed during each shift, including an examination of the exterior of the premises. According to Mr. Johnson, the procedures would have been done during the first shift, from 7:00 a.m. to 3:00 p.m., but he had no knowledge of whether they had been performed during the second shift when the accident occurred. Johnson was not present at the time of the fall and the employees on duty never told Johnson they had witnessed the fall.

In her only point on appeal, Plaintiff claims the trial court erred when it refused to allow her to draw an adverse inference, during the rebuttal portion of her closing argument, from the failure of Defendant to produce the two employees working at the time of her fall.

■ The trial court is accorded broad discretion in ruling on the propriety of closing arguments and will suffer reversal only for an abuse of discretion. *Anderson v. Wittmeyer*, 895 S.W.2d 595, 599 (Mo. App.1995). However, when counsel for one side undertakes to comment on the failure of his opponent to call a witness, review has been stricter. *Morrissey v. Morrissey*, 935 S.W.2d 715, 718 (Mo.App. 1996). Courts are wary of phantom testimony introduced through argument rather than from the witness stand. *Id.* The fail-

---

**1.** On August 22, 2000, a three-judge panel of this court issued a majority and dissenting opinion affirming the judgment in this case. The dissenting judge transferred the case to the Missouri Supreme Court pursuant to Rule 83.03. On December 27, 2000, the Missouri Supreme Court entered an order retransferring the case to this court. The original opinions of this court are now readopted and reissued.

ure of a party to call a witness who has knowledge of facts and circumstances "vital to the case" generally raises the presumption that the testimony will be unfavorable to the party failing to offer the testimony. *Kelly by Kelly v. Jackson,* 798 S.W.2d 699, 701 (Mo. banc 1990). Where such a witness is not equally available to both parties, it is prejudicial error for the trial court to prevent the party to whom the witness is not equally available from requesting the jury to draw an adverse inference from the failure of the opposing party to produce the witness. *Piper v. Missouri Pacific R. Co.,* 847 S.W.2d 907, 910 (Mo.App.1993). "Equal availability" depends on several factors including: (1) one party's superior knowledge of the existence of the witness; (2) the nature of the testimony that the witness would be expected to give in light of his previous statements or declarations, if any, about the facts of the case; and (3) the relationship of the witness to the party. *Kelly by Kelly,* 798 S.W.2d at 701 (citing *Hill v. Boles,* 583 S.W.2d 141, 145–46 (Mo. banc 1979)).

Plaintiff concedes in her brief that the names of the employees were disclosed to her in discovery. Thus, both parties were aware of their existence. Johnson's testimony, elicited by Plaintiff, indicates that neither employee ever told him they witnessed the fall or even knew exactly where she fell. Thus, there is no indication of what testimony they could be expected to give that would be material to the issues.

■ Plaintiff claims the two employee witnesses were not equally available to her by virtue of their employment relationship and, as such, she was entitled to argue the adverse inference created by Defendant's failure to call these witnesses. In *Leehy v. Supreme Exp. & Transfer Co.,* the Missouri Supreme Court indicated that even if an employer-employee relationship exists, the employee is not necessarily more available to the employer. 646 S.W.2d 786, 790–91 (Mo. banc 1983); *Farley v. Johnny Londoff Chevrolet,* 673 S.W.2d 800, 805

(Mo.App.1984); *Routh v. St. John's Mercy Medical Ctr.,* 785 S.W.2d 744, 747 (Mo. App.1990). Instead, the balancing test enunciated in *Hill v. Boles* to determine "equal availability" operates in place of this presumption. *Leehy,* 646 S.W.2d at 797 n. 4; *Kelly by Kelly,* 798 S.W.2d at 702.

■ Defendant claims Plaintiff was not entitled to draw an adverse inference from Defendant's failure to call the two employees because she did not demonstrate that they had knowledge of facts and circumstances vital to the case. We agree. The rule assumes that the witness has knowledge of facts and circumstances "vital to the case." *Id.* Plaintiff's own evidence, elicited on direct examination of Johnson, established that neither of the employees had ever indicated to him that they saw the fall or even knew exactly where Plaintiff did fall. Although Plaintiff testified as to the actions of the employee witnesses on the day of her fall, she merely alleged that they had knowledge regarding the general condition of the premises. Absent some indication that the employees saw the fall or Plaintiff pointed out to them what caused her to fall, their knowledge of the general condition of the lot and whether the required inspections were performed is not material to any issue in the case. *Id.; Goodman v. Firmin Desloge Hosp.,* 540 S.W.2d 907, 913–14 (Mo.App.1976). Indeed, in the cases relied on by Plaintiff, the record indicated that the witness-employee had knowledge of material facts vital to the case. *See Routh,* 785 S.W.2d at 748–49; *Wehrkamp v. Watkins Motor Lines, Inc.,* 436 S.W.2d 698, 715–16 (Mo. 1969). The trial court did not err when it refused to allow Plaintiff to draw an adverse inference from the failure of Defendant to produce the two employees working at the time of her fall.

The judgment is affirmed.

MARY RHODES RUSSELL, C.J., Concurs.

CHARLES B. BLACKMAR, Sr. J., dissents in Separate Opinion.

CHARLES B. BLACKMAR, Sr. J., dissenting.

To my regret I am unable to join the majority opinion. I believe that, by law long established, the plaintiff had the right to comment on the defendant's failure to call the two employees who were on the premises when the plaintiff was injured, and that the trial court's refusal to permit this comment constituted prejudicial error.

This is a classic slip and fall case. *See Moss v. Nat'l Super Markets, Inc.,* 781 S.W.2d 784 (Mo. banc, 1989). The trial court summarized the plaintiff's claim as follows:

"she says that the depression was the size of a basketball or beach ball, two inches in depth, and that it contained water with an oily substance in it ..."

The accident occurred during daylight, at approximately 6:30pm on July 14, 1996. There had been rain and drizzle during the day, but visibility was not impaired. The plaintiff testified that she was a regular customer of the defendant's convenience store and had visited the store that evening. She left the store and stepped onto the owned parking lot, looking where she was going. She could not see the depression she later described, which was filled with water and covered by an oily film which impeded visibility. After she fell she felt oil on her clothes. She alleged that the depression constituted a dangerous condition and that the defendant was negligent in failing to discover and to repair it.

Defense counsel, in opening statement, spoke as follows:

We are here on a lawsuit because Mrs. Johnson stepped in a puddle that was wide open and visible.

For the first and second shifts, which include the time when Ms. Simpson fell, ... the employees are to check the lot for oil or antifreeze spills three times per shift.

Counsel continued in closing argument as follows:

Six times a day employees look for oil spills.

Had she looked she would have seen it. There's a basketball or beach ball size puddle two inches deep with an oily sheen. If you look, you can see it.

The plaintiff testified, and then she called as a witness Ronald W. Johnson, principal owner of the defendant corporation. He was not on the premises at the time of the accident but arrived about half an hour later. The accident occurred during the second shift, from 3 p.m. to 11 p.m. Two employees were on duty. They showed Johnson where they found the plaintiff after she fell. Neither saw the fall, but they came to the scene shortly afterward and assisted the plaintiff, calling 911 and providing ice packs. The plaintiff testified that she was unable to move after she fell.

The defendant introduced some documents but called no witnesses. In final argument, plaintiff's counsel sought to comment on the defendant's failure to call as witnesses the two employees who were working at the time of the accident. The ensuing colloquy is reported as follows:

[PLAINTIFF'S COUNSEL]: Where were the guys that were there on the night in question? They didn't come in and testify.

[DEFENDANT'S COUNSEL]: I object, Your Honor.

[PLAINTIFF'S COUNSEL]: Well, they were under his control.

[DEFENDANT'S COUNSEL]: The plaintiff had access to them had he wanted—

THE COURT: The objection is sustained. The jury is instructed to disregard counsel's last remark.

[PLAINTIFF'S COUNSEL]: I think I'm entitled to make an adverse interests—

THE COURT: The Court rules the contrary, sir.

The jury returned a verdict for the defendant. The plaintiff, after appropriate post-trial motions, appealed, raising the single point of the court's refusal to permit comment on the absence of the employee witnesses. The defendant does not assert the lack of a submissible case as an alternate basis for affirmance and simply argues that the trial court's ruling was correct.

If a party fails to produce evidence readily available to that party, and not equally available to the opposing party, the trier of the fact may infer that the evidence would have been unfavorable to the party having the means of producing it. *See* 3 Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions,* secs. 72.15, 72.16 (West 4th ed. 1987). The opponent, furthermore, may comment on the non-production in closing argument. Legion cases over the years have enunciated this proposition.

The majority opinion points out that, whereas reviewing courts ordinarily afford the trial judge broad discretion in regulating the scope and content of closing argument, that discretion is rather closely circumscribed in cases involving comment on a party's failure to produce a witness. There have been numerous reversals when the trial judge has permitted comment on the failure to produce a witness found to be equally available to both parties. *See Hill v. Boles,* 583 S.W.2d 141 (Mo. banc, 1979). Reversals are common, also, when counsel has not been allowed to argue the absence of a witness who was specially available to the opposing party. *See Routh v. St. John's Mercy Medical Ctr.,* 785 S.W.2d 744, 748 (Mo.App.1990); *Piper v. Mo. Pacific R. Co.,* 847 S.W.2d 907, 910 (Mo.App.1993). These last two opinions were written by Judge Gerald M. Smith, who expounded the governing legal principles with his usual lucidity.

It is generally assumed that an employee witness is more available to his employer than to the opposing party. *See Duboise v. Ry. Express Agency,* 409 S.W.2d 108, 113 (Mo.1966), referring to Annotation 68 A.L.R.2d 893, 896, which cites more than twenty Missouri cases; *Wehrkamp v. Watkins Motor Lines, Inc.,* 436 S.W.2d 698 (Mo.1969). In *Leehy v. Supreme Exp. and Transfer Co.,* 646 S.W.2d 786, 790 (Mo. banc 1983), the Court cautioned that an employee is not inevitably more available to an employer, and applied a three-factor test for availability first endorsed in *Hill v. Boles,* 583 S.W.2d at 145.[1] *Leehy,* quoting *Boles,* describes the significant factors in the test as follows:

1. One party's superior means of knowledge of the existence and identity of the witness;

2. The nature of the testimony that the witness would be expected to give in the light of his previous statements or declarations ...

3. The relationship borne by the witness to a particular party as the same would reasonably be expected to affect his personal interest in the outcome of the litigation and make it natural that he would be expected to testify in favor of the one party against the other.

*Leehy,* 646 S.W.2d at 790.

*Leehy* held that an employee witness was equally available to an opposing party who had taken the witness's deposition and had learned thereby that the witness "could not testify persuasively for either side because he knew very little about the incident." *Id.* at 791. Under these circumstances it would be manifestly unfair to allow comment on the employer's failure to call the witness.

---

1. *Hill v. Boles* dealt not with an employer-employee relationship, but rather with the general holding that a treating physician is more available to the patient than to the opposing party. Employee cases and treating physician cases bear many similarities and seem generally to be governed by similar legal principles. *See Kelly v. Jackson,* 798 S.W.2d 699, 701–02 (Mo. banc, 1990).

*Leehy* accepts the general proposition that an employee is more available to the employer than to the opponent, unless special circumstances are present. In *Farley v. Johnny Londoff Chevrolet*, 673 S.W.2d 800, 805 (Mo.App.1984), for example, the employee in question was no longer employed by the litigant.[2] In no case I have seen was a party denied the right to comment on the absence of an employee of the opposing party who was in a position to observe material matters.

Here the factors all indicate that the employees were more available to the employer than to the plaintiff. The first factor is established because the plaintiff did not know which employees were on duty and was wholly dependent on the defendant employer for this information. There is no logic in the suggestion that the furnishing of the names of its employees by the defendant to the plaintiff was a significant circumstance. The employees were still more available to the defendant.

The second factor was utilized in *Leehy* because the plaintiff knew what the witness could testify to. Here the plaintiff had no means of finding out what the witnesses knew other than by taking their depositions, which she was not required to do in order to maintain the privilege of comment. *Piper*, 847 S.W.2d at 911.[3] Her counsel could not ethically interview the employees of her opponent. *State ex rel Atchison, Topeka and Santa Fe R.R. v. O'Malley*, 888 S.W.2d 760 (Mo.App.1994). Only the defendant had access to information as to how the employees would testify. We can say, parenthetically, that it is inconceivable that the defendant's investiga-tors did not take statements from the employees.

The third factor also supports the plaintiff, because of the plain common sense observation that an employee may be reluctant to displease his employer. Dozens of cases recognize this; they are cited above and further citation is not necessary. *Farley*, 673 S.W.2d at 805, is distinguishable because the plaintiff's evidence showed that the employee in question was not employed by the defendant at the time of the trial.

The majority opinion turns on the proposition that the plaintiff had failed to show that "these employees possessed knowledge vital to any issue in the case." This assertion is refuted by the record. The plaintiff, of course, had the burden of proving negligence and causation. The defendant asserted that the condition that caused the plaintiff to fall was readily observable and that the plaintiff could have seen it if she had been looking carefully.[4] This is an assertion that the fall was caused by the negligence of the plaintiff rather than of the defendant, which, if the jury agreed, could diminish or eliminate the defendant's liability. The employees were on the scene shortly after the plaintiff fell and were in a position to observe the condition of the immediate area that time. If they had information to refute the plaintiff's testimony it seems strange that the employer would not have called them to testify.

The employer also sought to establish due care by pointing to the precautions he had taken, in ordering regular inspections

---

**2.** The question of availability of a former employee is not developed in the case law, and I express no opinion on it. I simply point out the distinction, which makes *Farley* of little value here.

**3.** A good argument might be made that a party should be required to depose, or attempt to depose, an employee of the opposing party before commenting on the absence of the employee, but this requirement is contrary to the case law and should not be im-posed for a case that has already been tried. The court should reject the defendant's contrary argument.

**4.** This argument seems inconsistent with the testimony of defendant's president in which he stated that he observed no unusual condition at the location where his employees told him they had found the plaintiff. at the location where his employees told him they had found the plaintiff.

of the lot and providing a substance to absorb oil. The employees knew whether or not these inspections had been made on the day of the accident, when they were made, and what, if anything, was discovered. The plaintiff certainly did not have means to obtain this information.

The majority faults the plaintiff for not making an offer of proof during argument. The evidence amply demonstrates the matters the employees were informed about. An offer of proof is not required when the trial judge is fully informed about the means of information the missing witnesses might have. *See Routh*, 785 S.W.2d at 746. Nor is there any support for the proposition that a party who would comment on the absence of a witness is obliged to make an offer of proof during final argument. Offers of proof are unusual at this stage. The occasion for comment is that the plaintiff had no means of knowing what the employees would testify to.

I cannot understand the assertion in the majority opinion that allegations of knowledge of the condition of the premises were not "vital to the case" or that "[s]uch allegations are insufficient [sic] to assume a finding of equal availability." "Condition of the premises" is what a slip and fall case is all about! Nor do I understand the suggestion in the court's opinion that the plaintiff "merely alleged that (the employees) had knowledge regarding the general condition of the premises." The plaintiff was unable to move after the fall. The employees were in a position to see whatever could be seen at that location. They should surely be able to provide information as to whether there was an obvious defect, as asserted in defendant's opening statement; a defect concealed by an oil slick, as plaintiff asserted; or no unusual condition, as suggested by defendant's president.

The majority cites no case which is even close to the situation now before us. I do not sense the least similarity between *Goodman v. Firmin Desloge Hospital*, 540 S.W.2d 907, 913–14 (Mo.App.1976) and this case. That case recognized the authority of such cases as *Duboise* but turned on the lack of any evidence that anything untoward such as a scream occurred in the operating room before the anesthetic was administered and the lack of evidence as to what certain operating-room employees were doing at the time a patient was placed under anesthesia. There was, therefore, no showing that the employees were in a position to observe anything material to that case.

I would reverse the judgment and remand for further proceedings.