Donald E. HALL, Plaintiff-Appellant,

v.

MISSOURI PACIFIC RAILROAD COMPANY, Defendant-Respondent.

No. 52098.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 8, 1987.

Motion for Rehearing and/or Transfer
Denied Oct. 6, 1987.

Application to Transfer Denied
Nov. 17, 1987.

Paul C. Hetterman, St. Louis, for plaintiff-appellant.

Dan Howe Ball, St. Louis, for defendant-respondent.

SMITH, Presiding Judge.

Plaintiff appeals from a judgment based upon a jury verdict in his favor in a Federal Employers Liability case. The jury awarded plaintiff $25,000 for back injuries he sustained at work. We affirm.

Plaintiff raises only one issue on appeal so a brief statement of the case is sufficient. Plaintiff was employed as a mechanic working on locomotives at the time of his injury. All such mechanics had their own tool boxes furnished by the defendant. Because of the nature of the work these boxes contained a large assortment of tools, some of substantial size. Defendant did not provide sufficient carts to carry the tool boxes from the tool box bins to the job site, a disputed but substantial distance. Nor did it have a tool room near the job site where some of the heavier tools could be picked up. It was therefore necessary for plaintiff to carry the tool box from the storage bins to the job site and back. The parties agree that the tool box of plaintiff including the tools weighed about 75 pounds. At the end of his shift, plaintiff was preparing to return his tool box to the bin. He lifted the tool box onto his shoulder and felt a severe pain in his back. This was the source of his subsequent back problems.

Plaintiff testified that he lifted the box with both hands and placed it on his shoulder. There was evidence that in prior statements he had indicated he slung or swung the box onto his shoulder. He admitted at trial that slinging the box onto his shoulder would not be proper. There was evidence that other mechanics carried the boxes on their shoulders regularly; there was evidence from defendant that they did not. Plaintiff identified and had admitted into evidence a series of pictures showing the tool box and the tools. Defendant did not contest the accuracy of those photos. Nor did it contest plaintiff's description of the box including its size and weight. On cross-examination of defendant's claim agent, plaintiff elicited that the tool box was in the office of defendant's counsel.

Plaintiff's only point on appeal is that the trial court erred in refusing to permit him to argue an adverse inference to the jury concerning the absence of the tool box in court. During the cross-examination of the claim agent a colloquy developed between counsel and the court, in the presence and hearing of the jury, concerning the failure of defendant to bring the box to court. Defendant's counsel responded that if plaintiff had wanted the box in court all it needed to have done was request it. Plaintiff stated he was then requesting the box but the trial court (before any response from defendant) stated it was not going to grant such a request at that stage of the trial reminding plaintiff that he could have subpoenaed the box in. At the motion in limine argument just prior to closing argument the court suggested the possibility of bringing the box in. Plaintiff's counsel suggested that he wanted the jurors to lift the box so they could feel its weight. This the court advised it would not do. Upon the advice that the jurors would not be allowed to lift the box, plaintiff's attorney opined that bringing it in and setting it on the counsel table "won't do anything." At that point the trial court granted the motion in limine and ordered plaintiff not to argue any adverse inference arising from defendant not bringing the tool box to court.

The failure of a party to call a witness having knowledge of facts or circumstances vital to the case generally raises a presumption that the testimony would be unfavorable to the party failing to offer it. *Leehy v. Supreme Express & Transfer Co.*, 646 S.W.2d 786 (Mo. banc 1983) [8–10]. This rule applies equally to tangible evidence. *Alexander v. Bergmann*, 666 S.W.2d 849 (Mo.App.1984) [1, 2]. It is, however, error to allow the arguing of such an inference if the witness or evidence is equally available to both parties. *Leehy, supra.* As to witnesses, equal availability is determined by a three-pronged test set forth in *Leehy, supra,* [8–10]:

"Included among those factors are (1) 'one party's superior means of knowledge of the existence and identity of the witness;' (2) 'the nature of the testimony that the witness would be expected to give in the light of his previous statements or declarations, if any, about the facts of the case'; and (3) 'the relationship borne by the witness to a particular party as the same would reasonably be expected to affect his personal interest in the outcome of the litigation and make it natural that he would be expected to testify in favor of the one party against the other.' "

The second and third factors are related. *Id.* They obviously have application only to human witnesses and not to inanimate objects such as a tool box. This leaves only the first factor. It is plaintiff's contention that possession alone is sufficient to justify the adverse inference. We think "superior means of knowledge of the existence and identity" of the evidence requires a showing of more than simple possession. In *Leehy, supra,* it was recognized that equal availability exists where discovery provides the parties with equal knowledge of both the existence and identity of the evidence. The adverse inference rule had its origins at a time when liberal pre-trial discovery did not exist. *Powell v. Union Pacific R. Co.,* 255 Mo. 420, 164 S.W. 628 (1914); *In re Weingart's Estate,* 358 Mo. 436, 170 S.W.2d 972 (Mo.App.1943) [16]. That situation no longer obtains. While the rule still has viability and vitality under certain circumstances where the inference is reasonable, the availability of discovery is a consideration in determining equal availability. *Leehy, supra; Bean v. Riddle,* 423 S.W.2d 709 (Mo.1968) [9–11]; *Lix v. Gastian,* 287 S.W.2d 354 (Mo.App.1956) [4–7].

The cases relied upon by plaintiff involve situations where what the evidence not produced would show was in dispute, *Enyart v. Santa Fe Trail Transp. Co.,* 363 Mo. 346, 241 S.W.2d 268 (Mo.1951) or there was a lack of knowledge by one party of what the evidence would show, *Powell v. Union Pacific Railroad Co.,* 255 Mo. 420, 164 S.W. 628, (Mo.1914); *In re Weingart's Estate, supra; International Union (UAW) v. NLRB,* 459 F.2d 1329 (D.C.Cir.1972) or there was a refusal by the party in possession to produce it on request, *State ex rel. St. Louis County Transit Company v. Walsh,* 327 S.W.2d 713 (Mo.App.1959); *International Union v. NLRB, supra.* None of those circumstances exists here.

The tool box in question had been used by plaintiff for several years. He was thoroughly familiar with its size, shape and weight and with its contents all of which he testified to. It was made available to plaintiff's counsel for examination, weighing, and photographing during pre-trial discovery. Its location was known to plaintiff before trial and it was subject to being produced at trial upon request or through subpoena. There was no dispute about its weight or configuration. The tool box was equally available to both parties for use at trial.

■ Plaintiff further suggests that the tool box was relevant only to defendant's contributory negligence claim as it would establish the improbatility of plaintiff "slinging" the box to his shoulder. He then asserts the pertinence of the statement set forth in *Cooper v. Metropolitan Life Ins. Co.,* 94 S.W.2d 1070 (Mo.App. 1936) [4], "that where the affirmative of an issue rests upon one party, his adversary may comment to the jury upon his failure to have called witnesses to prove such issue even though the witnesses were as available to the one party as to the other." The plaintiff's initial premise is incorrect. His claim of negligence against the railroad was the failure of the railroad to provide a means to transport the tool box to the work site or to provide a location closer to the work site where heavy tools could be obtained. The underlying premise of these claims was that the tool box was too heavy to reasonably expect a workman to carry a substantial distance from the tool box bin to the worksite. That, of course, required plaintiff to establish the weight of the box. The weight and configuration of the box was relevant to plaintiff's claim of negligence upon which he had the burden of proof. The box was as relevant to plaintiff's proof as to defendant's.

■ Finally, the adverse inference rule is not available where the evidence is corro-

borative or cumulative. *Libby v. Hill,* 687 S.W.2d 264 (Mo.App.1985) [7]. Here the jury had available the photograph of the box and plaintiff's undisputed testimony of its weight and size. The only reason articulated for having the box in the courtroom was so the jurors could lift it to get a feel for its weight. It may be presumed that most reasonably intelligent jurors have some concept of how heavy 75 pounds is. The trial court was well within its discretion in determining that it would not permit the jurors of varying ages and physical condition to lift the tool box which had caused plaintiff's back injury when he lifted it. The tool box itself was, under the circumstances, merely corroborative and cumulative to the evidence already before the jury. The plaintiff obtained the photographs as a result of defendant's production of the box before trial. He utilized those photographs as evidence. He is not entitled to the advantage of the inference and the evidence too. *Bostwick v. Freeman,* 349 Mo. 1, 160 S.W.2d 713 (1942) [2]. We find no error in the trial court's ruling concerning the use in argument of the adverse inference.

Judgment affirmed.

DOWD and REINHARD, JJ., concur.