**MOBIUS MANAGEMENT SYSTEMS, INC., Appellant,**

v.

**WEST PHYSICIAN SEARCH, L.L.C., Respondent.**

No. ED 85723.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 1, 2005.

Russell M. Zelei, St. Peters, MO, Stephen D. Palley, Julia C. Walker, Sandberg, Phoenix & von Gontard, P.C., St. Louis, MO, for appellant.

West Physician Search, LLC, St. Louis, MO, pro se.

KENNETH M. ROMINES, Judge.

Mobius Management Systems, Inc. (Mobius) appeals from the Associate Circuit Court's Judgment sustaining West Physician Search, LLC's (West's) Motion to Dismiss Mobius's Motion to Pierce the Corporate Veil and for Creditor's Bill. We reverse.

The source of this matter is a commercial real estate sublease between Mobius and West, entered into on 14 December 2001. This sublease was signed by David West (David), West's managing member. Pursuant to this sublease, West was obligated to pay Mobius monthly rent; late payments were subject to an administrative charge at an annual interest rate of five percent of the amount due, accruing until rent is paid in full. West defaulted under the sublease when it failed to pay rent for September 2002 through December 2002.

On 16 December 2002, Mobius filed its Verified Petition for Rent and Possession Pursuant to Section 535 RSMo (2000). In this petition, Mobius asked the Circuit Court to: (1) grant Mobius immediate possession of the subleased premises; (2) award Mobius $17,709.43 for past rent and administrative charges; (3) award Mobius $115,085.88 for rent owing on the remainder of the sublease; and (4) award Mobius the costs and expenses of the rent and possession action, including attorney's fees and pre-judgment and post-judgment interest at a rate of nine percent per annum.

On 10 July 2003, a Consent Judgment was entered against West, awarding $175,000 to Mobius. This Judgment was signed by David. Because Mobius was unsuccessful in its attempts to collect this judgment from West, it filed a Motion to Pierce the Corporate Veil and for a Creditor's Bill on 20 September 2004, seeking to recover personally from David. In its motion, Mobius alleged that David co-mingled personal funds with West and failed to maintain books or records for West; West was undercapitalized; and West failed to follow corporate formalities. Accordingly,

Mobius claimed that David had complete control over West and used West as a sham to avoid contractual obligations.

West filed a Motion to Dismiss Mobius's Motion to Pierce the Corporate Veil and for a Creditor's Bill, which the Circuit Court sustained on 9 December 2004. The Court's Order did not state any reasons for its ruling. This appeal followed.

█ Because the Circuit Court did not list the reasons for its ruling, this Court must presume the dismissal rested on one or more grounds specified in West's motion. *Shaver v. Shaver*, 913 S.W.2d 443, 444 (Mo.App. E.D.1996). The appellate court must affirm the trial court's dismissal if the dismissal can be sustained on any ground supported by the motion to dismiss. *Id.*

In its first point on appeal, Mobius argues that the Circuit Court erred when it dismissed Mobius's Motion to Pierce the Corporate Veil. Mobius claims the Court should have enforced the $175,000 Consent Judgment against David as an individual. According to Mobius, the corporate veil should have been pierced, because West operated while undercapitalized, violated its statutory duties, manipulated corporate assets, stripped itself of its corporate assets, and co-mingled its funds with David's personal funds. West did not file a brief on appeal, and therefore made no arguments in response. We agree with Mobius that its Motion to Pierce the Corporate Veil should not have been dismissed.

█ In some circumstances, a court may disregard a corporate entity and hold its owners personally liable for corporate debts. *66, Inc. v. Crestwood Commons Redevelopment Corp.*, 998 S.W.2d 32, 40 (Mo. banc 1999). In order to "pierce the corporate veil," the plaintiff must first show control—not mere majority or stock control, but complete domination, not only of

finances, but of policy and business practice with respect to the transaction, such that the corporate entity had no separate mind, will or existence of its own. *Id.* In other words, the plaintiff must show that the corporation is the *alter ego* of the defendant. *Id.* at 41. When a corporation is so dominated by a person as to be a mere instrument of that person, and indistinct from the person controlling it, the court will disregard the corporate form if its retention would result in injustice. *Saidawi v. Giovanni's Little Place, Inc.*, 987 S.W.2d 501, 504–05 (Mo.App. E.D. 1999).

█ David's deposition testimony indicates that David owned 80 percent of the company. David testified that he often paid West employees with his own personal funds. David also testified that the other two members of West "ran the company," by making strategic decisions, holding training sessions, and hiring and firing. However, these two individuals left West in July 2002—one year before the Consent Judgment was entered. David admitted that there was no corporate resolution authorizing the Consent Judgment—in fact, David alone consented to the Judgment—just as he alone signed the sublease. Mobius has shown that David had "control" over West, such that David and West operated with one mind. The "control" requirement for piercing the corporate veil is therefore satisfied.

█ Second, the plaintiff must show a breach of duty—that this control was used by the corporation to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or to commit a dishonest and unjust act in contravention of the plaintiff's legal rights. *66, Inc.*, 998 S.W.2d at 40. It is not necessary, however, to show actual fraud. *Id.* at 41. In some situations, the corporate veil may be pierced when a corporation is

undercapitalized, or when its assets are stripped to avoid creditors. *Id.; Sunbelt Envtl. Services, Inc. v. Rieder's Jiffy Mkt., Inc.,* 138 S.W.3d 130, 135 (Mo.App. S.D. 2004). Inadequate capitalization is circumstantial evidence of an improper purpose or reckless disregard for the rights of others. *66, Inc.,* 998 S.W.2d at 41.

In his deposition, David testified that West did not maintain accounts receivable or accounts payable ledgers. He also stated that he kept track of money coming in and going out of the company "poorly." David also said that West has not had a bank account since August 2002—almost one year before he signed the $175,000 Consent Judgment. David testified that West never had any cash, but ran a deficit. David admitted that, when he agreed to and signed the Consent Judgment, he knew West was unable to pay it.

Similarly, in *66, Inc.,* the Court found that the corporation-defendant, Crestwood Commons Redevelopment Corporation (Crestwood), was an undercapitalized "shell corporation" used to avoid its debts. *Id.* The plaintiff in *66, Inc.,* like Mobius, was unable to collect on a judgment against Crestwood. *Id.* at 37. Crestwood had no capital or plans to acquire capital. *Id.* at 41. The Court concluded that Crestwood had a positive, legal duty to pay the judgment, and circumvented this duty by operating a shell corporation. *Id.* The Court held that this conduct evidenced a wrongful purpose and justified piercing the corporate veil. *Id.* at 42. Likewise, David created West, never acquired sufficient capital to operate West, entered a sublease without sufficient capital to fulfill its obligations under that sublease, and signed a $175,000 consent Judgment one year after West had been abandoned. David circumvented West's legal obligations by operating an undercapitalized shell corporation—and therefore used his control over West

to avoid its obligations to Mobius. The second requirement for piercing the corporate veil is satisfied.

Finally, the plaintiff must show that the control and breach of duty proximately caused the injury or unjust loss. *Id.* at 40. Clearly, Mobius has suffered an injury—an unpaid $175,000 Judgment—and this injury was proximately caused by West's conduct. The only reason Mobius has not been paid the money it is legally owed is because West lacks the necessary capital to satisfy this judgment.

Therefore, all three elements required to pierce the corporate veil—control, breach of duty, and proximate cause—are present. The judgment is reversed and remanded for trial.

GARY M. GAERTNER, SR., P.J., and GEORGE W. DRAPER III, J., concur.