In re Larry D. & Josephine S. SOBERG, Debtors.

Jerome Ruffin, Plaintiff,

v.

Larry D. & Josephine Soberg, Defendants.

Bankruptcy No. 05–45554–A659.
Adversary No. 05–4235–A293.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Aug. 29, 2006.

Neil Weintraub, St. Louis, MO, for Plaintiff.

Jeanene Moenckmeier, Hollywood, CA, for Debtors.

### MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

Jerome Ruffin filed this adversary complaint requesting the Court to determine that the debt Larry and Josephine Soberg (collectively the "Sobergs") owe him is excepted from discharge under 11 U.S.C. § 523(a)(2). The Sobergs filed a motion for summary judgment asserting that they are not liable for the underlying debt in question. The Court agrees with the Sobergs' contention and will grant their motion.

### JURISDICTION AND VENUE

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), which the Court may hear and determine. Venue is proper in this District under 28 U.S.C. § 1409(a).

### FINDINGS OF FACT

The Sobergs were the sole shareholders of SSD Classic Builders, Ltd. ("SSD Classic"), a Missouri corporation. SSD Classic conducted business as Classic Builders, which SSD Classic registered as a fictitious name with the Missouri Secretary of State. SSD Classic was in the business of installing dry wall.

SSD Classic entered into a contract with Jerome Ruffin on September 30, 2004 to install drywall in Ruffin's residence in exchange for $29,800.00. (the "Contract"). Ruffin tendered two checks to SSD Classic in October 2004. One of the checks was in the amount of $2,980.00, which was a 10% deposit of the total contract price. Ruffin tendered the other check to SSD Classic in the amount of $11,920.00 upon SSD Classic's delivery of the dry wall material to Ruffin's residence. Larry Soberg endorsed the checks on behalf of SSD Classic and deposited both checks into SSD Classic's general checking account.

SSD Classic completed a significant amount of work on the project prior to November 2004. This work included obtaining a permit from the City of St. Louis; ordering and delivering the dry wall; and procuring a dumpster for the project. SSD Classic also hired and paid laborers to work on the project. The City of St. Louis, however, halted SSD Classic's work on November 1, 2004 because the City required Ruffin to complete the electrical and plumbing work before SSD Classic could install the drywall. Ruffin completed the electrical and plumbing work sometime in early 2005.

SSD Classic was experiencing cash flow problems at the time it executed the Contract. The Sobergs attempted to bolster the corporation's finances by making two loans to it in October 2004 totaling $30,000.00. The Sobergs' loans allowed SSD Classic to continue to operate and meet its obligations in the short-term. But by the time Ruffin completed the electrical and plumbing work in early 2005, SSD Classic's financial condition had deteriorated to the point it could no longer operate. SSD Classic, therefore, was unable to fulfill its obligations under the Contract.

Both SSD Classic and the Sobergs filed for relief under Chapter 7 of the Bankruptcy Code on April 27, 2005. Ruffin argues in the instant adversary complaint that the two payments that he tendered to

SSD Classic totaling $14,900.00 constitute a debt of the Sobergs that is excepted from discharge under 11 U.S.C. § 523(a)(2)(A).

The Sobergs filed this motion for summary judgment under Fed.R.Civ.P. 56, made applicable to this proceeding by Bankr.R. 7056. The Sobergs argue in their motion that SSD Classic is the only entity responsible for any debt to Ruffin. The Sobergs submitted the affidavit of Larry Soberg in support of their motion. Ruffin failed to either file a response to the Sobergs' motion for summary judgment or to produce any evidence that controverted the factual allegations in Larry Soberg's affidavit.

The Court finds that the undisputed facts in the summary judgment record establish that the Sobergs are not individually liable for any debt that SSD Classic may owe to Ruffin. Thus, the Court will grant the Sobergs' motion for summary judgment.

## CONCLUSIONS OF LAW

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact so the moving party is entitled to judgment as a matter of law. *Freyermuth v. Credit Bureau Serv., Inc.,* 248 F.3d 767, 770 (8th Cir.2001); Fed. R.Civ.P. 56(c). Once the moving party establishes by affidavit or otherwise that there are no material facts in dispute, the burden shifts to the non-movant to produce evidence, beyond the allegations in its pleadings, that creates a material issue of fact for trial. *Gilooly v. Missouri Dep't. of Health & Senior Serv.,* 421 F.3d 734, 738 (8th Cir.2005). Thus, if the non-moving party fails to respond to a motion for summary judgment, the court will deem the factual allegations contained in the motion and any supporting affidavit as admit-

ted. *Reasonover v. St. Louis County,* 447 F.3d 569, 579 (8th Cir.2006); Fed.R.Civ.P. 56(e).

Here, Ruffin failed to respond to the Sobergs' motion for summary judgment or to offer any evidence that controverted the evidence in Larry Soberg's affidavit. The Court, therefore, will treat the factual allegations contained in the Sobergs' motion and Larry Soberg's supporting affidavit as admitted. The Court finds that these undisputed facts establish as a matter of law that the Sobergs have no individual liability under the Contract to Ruffin.

 The determination of whether to hold individual shareholders liable for a corporation's debt is a matter of state law. *Aoki v. Atto Corp.,* 323 B.R. 803, 811 (1st Cir. BAP 2005). Ordinarily, Missouri law treats a corporation as a distinct legal entity separate from its shareholders. *A & E Enter., Inc. v. Clairsin, Inc.,* 169 S.W.3d 884, 887 (Mo.Ct.App.2005). Thus, generally a corporation's shareholders are not liable for its debts under Missouri law. *Drummond Co. v. St. Louis Coke & Foundry Supply Co.,* 181 S.W.3d 99, 103 (Mo.Ct.App.2005).

 Missouri law, however, allows a court to pierce a corporation's veil and hold its shareholders liable for its debts in narrow circumstances. *Bank of Belton v. Bogar Farms, Inc.,* 154 S.W.3d 518, 520 (Mo.Ct.App.2005). Namely, a third-party seeking to pierce the corporation's veil must demonstrate that: (1) the shareholders effectively controlled the corporation so that the corporation had no independent existence; (2) the shareholders used that control to perpetrate a fraud or other wrong on the third-party; and (3) the shareholders' wrongful action was the proximate cause of the third-party's injury. *Id.* Here, there is insufficient evidence in the summary judgment record to create a

**4**

material issue of fact that the Sobergs used their control of SSD Classic to perpetrate any wrong on Ruffin.

 Ruffin alleges in his complaint that the Sobergs used their control of SSD Classic to deplete its assets by diverting the $14,900.00 that Ruffin paid SSD Classic for the Sobergs' personal use. Missouri law does hold that a plaintiff may establish that a shareholder perpetrated a fraud on the plaintiff by stripping the corporation's assets for the shareholder's individual benefit. *Mobius Management Sys. v. W. Physician Search, LLC*, 175 S.W.3d 186, 188–89 (Mo.Ct.App.2005). The undisputed facts in the summary judgment record here, however, establish that the Sobergs did not deplete SSD Classic's assets for two reasons.

First, the Sobergs provided SSD Classic with $30,000.00 in cash just after it executed the Contract. Thus, the Sobergs were actually attempting to bolster SSD Classic's financial condition, not depleting its assets, at the time SSD Classic entered into the Contract with Ruffin.

Second, Larry Soberg deposited the $14,900.00 that Ruffin remitted to SSD Classic into SSD Classic's general checking account. SSD expended the funds in its general checking account to meet its obligations to Ruffin under the Contract by: (1) purchasing and delivering the drywall to Ruffin's residence; (2) procuring a permit from the City of St. Louis for its portion of the project; (3) obtaining a dumpster; and (4) paying laborers for work on the project. This evidence demonstrates that the Sobergs utilized the $14,900.00 that Ruffin tendered to SSD Classic to perform SSD Classic's duties under the Contract.

Viewing this evidentiary record in the light most favorable to Ruffin, the Court finds that the Sobergs did not use their control of SSD Classic to deplete SSD Classic's assets. The Sobergs, therefore have demonstrated that they are not liable as a matter of law for any debt that SSD Classic may owe to Ruffin. Accordingly, the Sobergs do not owe a debt to Ruffin that could be excepted from discharge under 11 U.S.C. § 523(a)(2). Thus, the Sobergs are entitled to judgment as a matter of law on Ruffin's adversary complaint and the Court will grant their motion for summary judgment.

An Order consistent with this Memorandum Opinion will be entered this date.