## STATE of Missouri EX REL. FAMILY SUPPORT DIVISION, Respondent,

v.

## STEAK'M TAKE'M LLC and Steak M & Take M LLC and Ervin Ross, Jr. Individually, Appellants.

### WD 79052

Missouri Court of Appeals, Western District.

OPINION FILED: July 25, 2017

---

Carol Quinn, Kansas City, MO, Counsel for Appellants.

Jennifer Addadi, Kansas City, MO, Counsel for Respondent.

Before Division One: James Edward Welsh, P.J., Lisa White Hardwick, and Gary D. Witt, JJ.

James Edward Welsh, Presiding Judge

Ervin Ross, Jr. and Steak M & Take M LLC ("Appellants") appeal the circuit court's judgment, following a bench trial, in favor of the State of Missouri's Family Support Division, ("Division") on its "Petition to Enforce Child Support Withholding Orders" against the Appellants. We affirm.

## Background

In 1996, Ervin Ross Jr. ("Ross Jr.") and his sister, Tressie Lyman ("Lyman"), began operating a drive-through restaurant in Kansas City, Missouri. In 2007, the restaurant was organized as a Missouri limited liability company named Steak'm Take'm LLC ("Steak'm LLC"). The articles of organization listed Lyman as the organizer and registered agent.

In 2009, the restaurant hired Ross Jr.'s son, Ervin Ross III ("Ross III"). Ross III owes child support in three different child support cases in Jackson County. In July 2009, the Division sent withholding orders to the restaurant directing them to withhold child support from Ross III's paycheck and to remit payments within seven working days of his pay date to the Missouri Family Support Payment Center ("Payment Center").

The orders informed the employer: "If you have any doubts about the validity of the Order, contact the agency or person listed below. If you fail to withhold income as the Order directs, you are liable for both the accumulated amount you should have withheld from the obligor's income and any other penalties set by state law." The orders directed the employer to notify

the agency if the obligor has never worked for or no longer works for the employer and to provide the name and address of the new employer, if known. Despite receiving all three income withholding orders, the restaurant did not contact the Division about any of these matters but, nevertheless, failed to withhold and pay any child support from Ross III until December 2013, when payment to the Division began.

In August 2009, a child support specialist with the Division called the restaurant and spoke with Ross Jr. Ross Jr. stated that he owned the restaurant and that he had received the withholding orders and would start withholding from Ross III. Ross Jr. now maintains, however, that Lyman owned the restaurant between 2009 and December 2012 and that he had no involvement with the payroll at that time. On July 24, 2012, another Division specialist spoke with Nikki Lyman, who is Ross Jr.'s niece and a manager at the restaurant. Nikki Lyman expressed her belief that Ross III was paying the child support himself. The specialist informed her that the employer must honor the withholding orders.

As of September 2012, the restaurant still had not complied with the withholding orders. On September 27, 2012, the specialist noted that she would resend the withholding orders by certified mail and "prep the file" for referral to the Attorney General. Counsel for the Division later sent the restaurant a letter warning about future litigation pursuant the applicable statutes.[1]

Sometime in January 2013, Lyman purportedly gave Ross Jr. the restaurant for no consideration, and Ross Jr. simply "took over" the restaurant's lease. On January 22, 2013, Ross Jr. formed Steak M & Take M LLC ("Steak M LLC"), but continued to operate the restaurant at the same location and phone number with the same sign, menu, customer base, and employees. Ross Jr. did not notify the Division or any other governmental agency that Ross III's employer had changed.

As of June 2013, the restaurant had paid nothing on the withholding orders, so the Division filed a petition against Steak'm Take'm restaurant to recover the amounts owed. In May 2014, defense counsel filed a general appearance on behalf of Steak'm Take'm restaurant. The Division later amended the petition to add the following potential owners of the restaurant: Steak'm LLC, Steak M LLC, Ross Jr., Lyman, and Tri-Star LLC. Defense counsel was granted leave to withdraw his representation of Steak'm LLC and filed an entry of appearance and answer on behalf of Steak M LLC and Ross Jr. The Division voluntarily dismissed Lyman and Tri-Star LLC as defendants after it was unable to obtain service on them.

On June 5, 2015, the circuit court held a bench trial on the State's petition.[2] Based

---

1. The record does not contain a copy of that letter, nor is it clear from the record how soon after the specialist's September note the letter was sent.

2. The circuit court denied the State's motion for sanctions "for failure of Defendants to produce discovery including [a] lease for the building located at 7702 Troost, bank records for Steak M & Take M LLC, bank records for Ervin Ross Jr., all business records for Steak M & Take M LLC, and information regarding Ervin Ross Jr.'s [sic] employment with Steak'm Take'm LLC." The court noted, however, that "the failure to produce evidence within the party's control may give rise to an unfavorable inference against the party as a matter of law unless the party offers a reasonable excuse for the non-production," citing *Graeff v. Baptist Temple of Springfield*, 576 S.W.2d 291, 306 (Mo. banc 1978), and *Hall v. Mo. Pac. R. Co.*, 738 S.W.2d 594, 595 (Mo. App. 1987).

on the evidence and testimony presented, the court found, *inter alia*, that the Division properly served Steak'm Take'm restaurant in July 2009 with three orders to withhold child support from Ross III and to remit the money to the Payment Center and that Ross Jr. acknowledged receipt of the income withholding orders in August 2009. The court noted that the restaurant failed to contact the Division about the orders but, nevertheless, failed to withhold or remit any child support until December 2013. Pertinent to the points on appeal, the court found that Steak M LLC, as a successor company, is liable for Steak'm LLC's debts on the withholding orders, and that Ross Jr. is personally liable for Steak M LLC's debts on the withholding orders.

The circuit court issued a default judgment against Steak'm LLC after finding that it "was served on July 16, 2013" but "has failed to file an answer [or] to appear at trial." The court issued a judgment against Steak'm LLC, Steak M LLC, and Ross Jr., jointly and severally, in the amount of $44,373.74.

### Standard of Review and Statutory Framework

■ As in any court-tried case, we will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We review the evidence and its reasonable inferences in the light most favorable to the judgment and disregard all evidence and inferences to the contrary. *Roper Elec. Co. v. Quality Castings, Inc.*, 60 S.W.3d 708, 710 (Mo. App. 2001). We defer to the trial court's assessment of credibility, recognizing that

it is free to accept or reject all, part, or none of the testimony presented. *Id.*

■ Pursuant to the governing statute, when a support order has been entered, the Director of the Division shall issue an order directing any employer of a child support obligor to withhold and remit to the Payment Center money due or to become due the obligated parent in an amount not to exceed federal wage garnishment limitations. § 454.505.1, RSMo.[3] Subsection .3 of the statute provides that the orders shall be served on the employer by regular mail and shall be binding two weeks after mailing. § 454.505.3. The employer shall withhold from the earnings or other income of each obligor the amount specified in the order and shall transmit the payments as directed within seven business days of the date the earnings were payable to the obligor. *Id.* The order shall be a continuing order and shall remain in effect and be binding upon the employer until further order of the Director. § 454.505.6. Section 454.505.8 provides that an employer who fails to withhold or pay the amounts ordered shall be liable for the amount that should have been withheld and paid over; the Director is authorized to bring an action in circuit court to determine the employer's liability; and a court may enter judgment against the employer if it finds that a violation has occurred. "[T]he employer's liability is essentially strict." *State Dep't of Soc. Servs., Family Support Div. v. Swank*, 502 S.W.3d 722, 725 (Mo. App. 2016).

### Steak'm LLC's Default Judgment

■ In Point I, the Appellants contend that the circuit court erred in granting a default judgment against Steak'm LLC because that entity was never properly

---

**3.** Statutory references are to the Revised Statutes of Missouri (RSMo) 2000, as updated by the 2013 Cumulative Supplement and the 2014 Non-Cumulative Supplement.

served, in that "Tressie Lyman was never served with any petition."

As noted, the circuit court issued a default judgment against Steak'm LLC after finding that it "was served on July 16, 2013 [but] failed to file an answer [or] to appear at trial." We need not address this point in any detail. The record shows that, in May 2014, defense counsel filed a general entry of appearance on behalf of defendant, Steak'm Take'm restaurant, without contesting service of process or personal jurisdiction, thereby waiving this objection. *See Martin v. Martin*, 196 S.W.3d 632, 634-35 (Mo. App. 2006) (an entry of general appearance without objection to service of process or personal jurisdiction waives objection to those matters on appeal). Thus, the circuit court did not err in entering a default judgment against Steak'm LLC.

█ Point I is denied.[4]

### Steak M LLC's Successor Liability

█ The Appellants argue in Point II that the trial court erred in granting a judgment against Steak M LLC, because "the evidence failed to support the State's argument that it was a sham corporation, in that there were separate corporate entities, officers and bookkeeping, and no intent to commit wrongful conduct was established."

Here, the circuit court held that Steak M LLC, as a successor company, is liable for the debt accrued by Steak'm LLC before January 2013. The court made the following pertinent findings of fact:

> Defendants did not offer any evidence proving who owned the assets and debts of this restaurant at any time between 2009 and the present. Specifically, the only asset/debt that would be in the

name of an entity or person is the lease for the building....

> Defendants refused to name the landlord or produce a copy of the lease. Ervin Ross Jr. agreed orally to assume that lease.

> Defendants failed to offer any evidence that any assets or debts of the restaurant are now in the name of Steak M Take M LLC.

> At all times between 2009 and the present, the restaurant was named "Steak'm Take'm; Best Cheesesteak Ever," had the same location, menu, equipment, telephone number, customers and employees.

> If Steak'm Take'm LLC did give the restaurant to Ervin Ross Jr. or Steak M Take M LLC, they did so fraudulently to avoid paying the Division for child support not withheld from obligor from 2009 until 2013.

█ Generally, in Missouri, "where one corporation sells or otherwise transfers all of its assets to another corporation, the latter is not liable for the debts and liabilities of the former." *Roper*, 60 S.W.3d at 711. There are exceptions to this rule, however. *Edwards v. Black Twig Mktg. & Commc'ns LLC*, 418 S.W.3d 512, 520 (Mo. App. 2013). A successor company will be liable for the former company's debt when (1) the transferee expressly or impliedly agrees to assume debts and liabilities, (2) the transaction amounts to a consolidation or merger, (3) the transferee is merely a continuation of the seller, or (4) the transaction is entered into fraudulently to escape liability for the debts and liabilities. *Id.*

---

4. Appellants' argument that the trial court erred in proceeding on the Division's "Amended Petition" because it was filed in violation of Rule 55.33(a) is not encompassed in its Point Relied On. An argument not set out in the point, but merely referred to in the argument portion of the brief, does not comply with Rule 84.04(e) and is considered abandoned. *Brizendine v. Conrad*, 71 S.W.3d 587, 593 (Mo. banc 2002).

Based on its findings of fact and analysis of the law, the circuit court concluded that:

(1) Steak M & Take M LLC *is a mere continuation* of Steak'm Take'm LLC and *is liable for the former company's debts*; and

(2) Tressie Lyman *fraudulently transferred the restaurant* to her brother *to avoid paying the amounts that she should have withheld on the income withholding order*.

(Emphasis added.) The evidence fully supports the circuit court's conclusions.

■■■ In determining whether a successor company "is merely a continuation" of the predecessor company (and, thus, liable for its debts), the factors for the court to consider include:

(1) [w]hether there is common identity of officers, directors and stockholders; (2) whether the incorporators of the successor also incorporated the predecessor; (3) whether the business operations are identical; (4) whether the transferee uses the same trucks, equipment, labor force, supervisors and name of the transferor; and (5) whether notice has been given of the transfer to employees or customers.

*Med. Shoppe Int'l, Inc. v. S.B.S. Pill Dr., Inc.*, 336 F.3d 801, 804 (8th Cir. 2003) (citing *Roper*, 60 S.W.3d at 711-13). Under *Roper*, even if the two companies do not have common ownership, the court can find successor liability based on the other factors. 60 S.W.3d at 712-13.

The operative facts in *Roper* are similar to our case. In *Roper*, QCI defaulted on paying Roper and subsequently sold the business to Bagby. *Id.* at 710. Roper then sued Bagby for the money that QCI owed, alleging that it was a mere continuation of QCI and, thus, liable for their debts. *Id.* at 710-11. While Bagby and QCI did not have common ownership or incorporators, the court found Bagby to be merely a continuation because it obtained all of QCI's assets for little or no consideration, and it retained all vital employees, operated the same business using the same equipment, held itself out to the public using the same trade name, operated in the same location with the same phone number, and failed to notify creditors or customers of any change in ownership. *Id.* at 710-13. Thus, Bagby was held to be liable for QCI's debts. *Id.* at 712-13.

In this case, after the purported transfer of all the restaurant's assets, Steak M LLC continued running the restaurant as "Steak'm Take'm!" at the same location, with the same equipment, telephone number, menu, key employees, and customers, and neither company notified customers or creditors of the restaurant's change in ownership. Accordingly, as in *Roper*, the circuit court correctly found that Steak M LLC is a mere continuation of Steak'm LLC and liable for the debts accrued while Steak'm LLC owned the restaurant.

The circuit court also correctly found that Steak'm LLC "fraudulently transferred" the restaurant to Steak M LLC in January 2013 to avoid paying its debt to the Division. In *Birkenmeier v. Keller Biomedical, LLC*, 312 S.W.3d 380, 389 (Mo. App. 2010), the Court explained that, because "[f]raudulent intent is rarely proven by direct evidence," certain "*indicia* of fraud" may be considered, including:

1) a conveyance to a spouse or near relative; 2) inadequacy of consideration; 3) transactions different from the usual method of transacting business; 4) transfers in anticipation of suit or execution; 5) retention of possession by the debtor; 6) transfer of all or nearly all of the debtor's property; 7) insolvency caused by the transfer; and 8) failure to produce rebutting evidence when circumstances surrounding the transfer are suspicious.

Here, the evidence shows that there was a conveyance to a near relative of all of the

debtor's property for inadequate consideration made in anticipation of a lawsuit, and Appellants produced no evidence to rebut the suspicious circumstances surrounding the transfer. Lyman transferred the restaurant and all of its assets to her brother for no consideration, knowing that the failure to honor the withholding orders was likely to result in legal action. The evidence also showed that Ross Jr. was fully aware of the income withholding orders, in that he acknowledged receiving them and agreed to honor them in August 2009. Moreover, Ross Jr. testified that, despite knowing that he was ill and would be undergoing surgery and chemotherapy in January 2013, Lyman nevertheless turned the restaurant over to him during that same time period. Although these circumstances raise the suspicion of fraud, Appellants did not produce evidence to rebut the suspicious circumstances. They presented no agreement or paperwork substantiating the change of ownership and no copy of the lease Ross Jr. claims he agreed to assume.

In sum, the Appellants fail to show that the circuit court erred in concluding that Steak M LLC was "merely a continuation" of its predecessor and that the "transaction was entered into fraudulently to escape liability for the debts and liabilities." Consequently, Steak M LLC is liable for Steak'm LLC's debts accrued before January 2013.

Point II is denied.

### Ross Jr.'s Personal Liability

In Point III, the Appellants assert that the circuit court erred in granting a judgment against Ervin Ross, Jr., individually, because the State "failed to prove fraud, breach of fiduciary duty, tort or violation of statute necessary for personal liability to attach," in that child support

5. The purported operating agreement admitted at trial is neither signed nor dated, and

was withheld and paid as soon as Steak M LLC "received proper notice from the State."

The circuit court made the following pertinent findings of fact:

Although Ervin Ross Jr. incorporated Steak M Take M LLC with the Missouri Secretary of State in January 2013, he did not create or sign an operating agreement.[5]

Ervin Ross Jr. is the sole member, manager and owner of the limited liability company.

Ervin Ross Jr. has complete control of the finances, policy and business practice.

Although Ervin Ross Jr. opened a bank account in the name of Steak M Take M LLC, he did not contribute any capital to the account. The account is only used to deposit customer's credit card payments which go to pay the restaurant's payroll. All other business transactions involve using cash.

Based on these findings, the circuit court concluded that "Ervin Ross Jr. is personally responsible for the debts of Steak M Take M LLC because of his complete control of the company and his failure to capitalize Steak M Take M LLC."

As a general rule, a limited liability company ("LLC") is considered a separate legal entity that is distinct from its members or owners, and members are generally not liable for the entity's debts. *Hammett v. Atcheson*, 438 S.W.3d 452, 461 (Mo. App. 2014). This protection from the LLC's debts, however, is "not absolute." *Id.* If a member/manager of an LLC is using the company for improper purpose, such as to avoid legal obligations, the court can "pierce the corporate veil" and find that member/manager personally liable for

Ross Jr.'s testimony indicated that it was not drafted until sometime in 2014 or 2015.

the company's debt. *Id.* Missouri law permits a court to "pierce the corporate veil" where the following factors are shown:

(1) Control [meaning] complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and

(2) Such control must have been used by the corporation to commit fraud or wrong, to perpetrate the violation of statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights; and

(3) The control and breach of duty must proximately cause the injury or unjust loss complained of.

*66, Inc. v. Crestwood Commons Redevelopm't Corp.*, 998 S.W.2d 32, 40 (Mo. banc 1999). Put succinctly, if a member of an LLC has complete control of the company and uses that control to commit a wrongdoing that proximately causes an injury, then the individual member will be held liable for the LLC's debts. *See id.*

Here, the evidence shows that Ross Jr. had complete control over both the finances and management of Steak M LLC and complete authority to make all decisions. He is the sole member and manager and owns 100% of the company. He has total control over all incoming and outgoing cash and sole authority to sign on the bank account and make tax elections. Thus, Ross Jr. had the requisite control to satisfy the first prong of the test to pierce the corporate veil.

■■■■■■ In order to establish the second prong of the test—*i.e.*, that the complete control was used to commit fraud or wrongdoing—the plaintiff need not show "actual fraud." *Mobius Mgmt. Sys., Inc. v. W. Physician Search, L.L.C.*, 175 S.W.3d 186, 188 (Mo. App. 2005) (citing *66, Inc.*, 998 S.W.2d at 40). Conduct that may justi-

fy piercing the corporate veil includes undercapitalization and stripping assets to avoid creditors. *Id.* at 188-89. "Inadequate capitalization is circumstantial evidence tending to show an improper purpose or reckless disregard for the rights of others." *66, Inc.*, 998 S.W.2d at 41 (held that piercing the corporate veil was justified where corporation was found to be an undercapitalized "shell corporation" being used to avoid its debts).

Here the evidence showed that, in 2013, Steak M LLC needed at least $122,899 to operate the restaurant for a year. Ross Jr. established a bank account for Steak M LLC, but did not contribute any capital to it. Only the restaurant's credit card sales (25% of its gross receipts) go into that account, which is used solely to fund the restaurant's payroll. Ross Jr. refused to produce his personal or business bank records; thus, it is not known whether there was a commingling of personal and company funds, but, as the court noted, the failure to produce this evidence raises an unfavorable inference. By failing to adequately capitalize the LLC, Ross Jr. sought to make Steak M LLC debt and judgment proof from creditors, including the Division.

The foregoing establishes that Ross Jr. used his control over Steak M LLC to operate an undercapitalized shell corporation to escape liability for paying the debt owed the Division. The second requirement for piercing the corporate veil was met.

Finally, the Division established that Ross Jr.'s control and breach of duty proximately caused injury or unjust loss. *See Mobius*, 175 S.W.3d at 189. Throughout the Division's communications with the restaurant, discovery, and the trial, Ross Jr.'s statements and actions have made it difficult to determine who owns this restaurant. Ross Jr. has managed the restau-

rant since 1996, and he personally knew about the income withholding orders directing the restaurant to withhold child support from Ross III's paycheck. He also knew that the restaurant has not complied with those orders and may owe a debt to the Division. Nevertheless, when Lyman gave him the restaurant, Ross Jr. opened an undercapitalized, shell LLC to avoid any liability for that debt. His use of these improper business practices caused injury to the Division by preventing it from collecting the child support due Ross III's children.

As all three prongs of the test to pierce the corporate veil were satisfied, the circuit court did not err in holding Ross Jr. personally liable for the debts attributable to Steak M LLC.

Point III is denied.

## Conclusion

Based on the foregoing, we affirm the circuit court's judgment in favor of the Division.[6]

All concur.

---

6. Appellants seek remand for the trial court to determine the proper amount of damages, but the trial court already did that. The court decreed that "judgment shall issue against Defendants Steak'm Take'm LLC, Steak M & Take M LLC and Ervin Ross Jr. jointly and severally in the amount of $44,373.74." The employer should have withheld and paid a total of $52,962.19 under the three withholding orders. The employer failed to produce evidence of Ross III's disposable net income (needed to determine whether the amount withheld should be limited in accordance with state and federal statutes); thus, the court correctly inferred that the employer could withhold and pay the entire $52,962.19. After giving the employer credit for the $8,588.45 withheld and paid, the court granted the Division a judgment for the remaining $44,373.74. No remand is necessary.